## VICTOR L. JACOBSON v. MERRILL & RING MILL COMPANY.[1]

February 5, 1909.

Nos. 15,837—(145).

**Injury to Infant Servant.**

A boy under fifteen years of age was employed in violation of section 1804, R. L. 1905, and placed at work in a sawmill in the vicinity of dangerous machinery, which was not properly protected as required by section 1813, R. L. 1905. His work consisted of gathering lath from a table, collecting them in bundles, and placing them on the table or cradle of a nearby lath machine. When this cradle was released by a trip that came up through the floor about an inch, it could be moved forward against two saws, and the lath cut into uniform lengths. The boy, becoming tired, sat down on this cradle. Certain waste pieces of lath and damp sawdust had been allowed to accumulate on the floor near the trip. In attempting to rise, the cradle was in some way pushed forward, and the boy's arm brought in contact with the saw. *Held:*

1. That the employment of the boy and the failure to properly cover

[1] Reported in 119 N. W. 510.

the machinery, in violation of the statute, made a prima facie case of negligence on the part of the employer.

**Resting Was Within Scope of Employment.**

2. In sitting down to rest for a short time, the boy did not depart from the scope of his employment.

**Questions for Jury.**

3. The questions of contributory negligence and assumption of risk were for the jury to determine.

Action in the district court for St. Louis county by the guardian ad litem of plaintiff to recover $10,000 damages for personal injuries sustained by plaintiff while in defendant's employ. The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Howard T. Abbott,* for appellant.

*H. W. Lanners* and *Davis & Hollister,* for respondent.

ELLIOTT, J.

The action was for damages sustained by Victor L. Jacobson on April 19, 1906, while in the employ of the Merrill & Ring Mill Company. The appeal is from the judgment entered therein after the denial of the defendant's motion for judgment in its favor notwithstanding the verdict. At the time of the accident Jacobson was fourteen years and nine months old, and had been employed by the mill company without a permit from the school superintendent, as required by section 1809, R. L. 1905. His place of work was in the sawmill, where saws, shafts, pulleys, belt conveyors, and other machinery driven by steam were operated.

Jacobson was employed and put to work sorting lath which came down a sixteen-foot slide from a room overhead onto a table, from which they were gathered up, separated, and done up in bundles of fifty and then placed in a rack or kind of cradle, which formed a part of a machine which stood from seven to ten feet from the sorting table. The lath machine was operated by another boy. The cradle on which the bundles were placed was composed of two upright planks, the top ends of which were hollowed out into semicircles. The bundles of lath were laid in these hollows, and the cradle was

so constructed that it could then be pushed or tipped forward, so as to bring each end of the bundle against a revolving saw, and thus cut the lath to a uniform length of thirty two inches. When not in use the saws continued to revolve, but appear to some extent to have been covered by the boards which formed the sides of the cradle or "buck." This buck was released by a trip which came up through the floor about an inch, and about which more or less rubbish had accumulated.

The plaintiff alleged that the defendant was negligent (a) in employing a boy under sixteen years of age, in violation of section 1804, R. L. 1905, and (b) in failing to properly guard dangerous machinery, as required by sections 1813–1815, R. L. 1905. Upon the facts disclosed by the record the appellant was guilty of violating both of these statutes, and a case of negligence was thereby made against it which rendered it liable for any damages sustained by the boy, while in the course of his employment, of which such negligence was the proximate cause, unless he is precluded from recovering because of his own contributing negligence or having assumed the risk. Perry v. Tozer, 90 Minn. 431, 97 N. W. 137, 101 Am. St. 416; Bromberg v. Evans, 134 Iowa, 38, 111 N. W. 417; Fitzgerald v. International F. T. Co., 104 Minn. 138, 116 N. W. 475.

The appellant contends that the respondent, when injured, was doing nothing for his employer, that he was not doing what he was hired and told to do, that he was doing something that he knew he ought not to do, and that the statute applies only when the boy is injured by the failure to properly guard the machine at which he is required to work. While working in the mill the respondent was engaged in a dangerous occupation within the meaning of the statute. Perry v. Tozer, supra; Fitzgerald v. International F. T. Co., supra. Of course, this machine was not designed or intended to be used by employees as a place of rest; but a careful man who employs small boys might reasonably anticipate that they might make such use of anything that was at hand. We think it was something which might have been apprehended and provided against. Lane v. Atlantic, 111 Mass. 136; Hill v. Winsor, 118 Mass. 251; Marsh v. Great Northern, 101 Me. 489–502, 64 Atl. 844. Having failed to properly guard the machinery, the appellant was liable for the resulting damages, although it could not have reasonably anticipated that any one would be injured in the exact way in

which it actually occurred. McGinty v. Waterman, 93 Minn. 242, 101 N. W. 300; Christianson v. Northwestern C. B. Co., 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640.

A serious question in this case is whether the respondent was injured while in the course of his employment. Before there can be a recovery it must appear that the boy was at the time of the accident engaged in and about the work for which he had been employed, and not in something entirely foreign to it. He was employed and put to the work of counting and gathering up the lath from the table and placing the bundles on the lath machine cradle. He worked about the lath machine, as well as the table, for he had to deposit the bundles on the lath machine. He had been at work for four days. On the afternoon in question he had been rushed by the work, and, becoming tired, stepped over to the lath machine and sat down on the cross-bar of the buck to rest. In rising he slipped, and in some manner threw his arm against the saw. He does not give a very clear statement of what happened after he sat down; but the jury might well have believed that he was safe until the buck released and swung forward. There was ample evidence to show that the buck was not properly locked.

The questions of contributory negligence and assumption of risk were properly submitted to the jury. Manifestly the boy did not assume the risk. He had never been told not to sit on any part of the machinery, and on his own story he had inadequate knowledge of the dangers and conditions. The act of negligence charged is in sitting on the lath buck when he might have gone to some other place. But, unless he climbed onto the table where the lath was accumulating, there was no other place where he could sit down without going from fifteen to twenty feet away from his work, and there he could not have kept an eye on his work. Under such circumstances the boy, when he sat down to rest, was exercising the reasonable privilege of an employee, and in doing so he did not depart from the scope of his employment. He was not absent from his place of work, but was at the time engaged in the line of his duties and within the scope of his employment. These questions were at least for the jury to determine.

It is not claimed that he did anything to cause the cradle to move forward, unless it was by slipping on the wet refuse on the floor and

falling against or stepping on the trip. When drawn forward the boards to some extent protected him from the saw, so that it is probable that in slipping his foot released the trip, and thus caused the cradle to swing and his arm to strike the saw. This is a fair inference from the evidence. So long as the trip was not thrown, he might sit on the cross-bar of the cradle with comparative safety. It was not a wise thing to do; but when we take into consideration the age of the boy, the lack of adequate instructions, the fact that the saws were partially covered by the boards when the cradle was drawn forward and properly fastened, and that it had to be released by touching a trip, which came up through the floor about an inch, the accumulation of rubbish on the floor about the trip, and other circumstances which need not be stated, it is clear that the question of contributory negligence was for the jury.

Judgment affirmed.

JAGGARD, J. (dissenting).

The facts in this case have produced the conviction in my mind that the minor in this case was not injured while in the course of his employment. Therefore the order appealed from should have been reversed.