## No. 9980.

## TAYLOR, as Receiver *v.* SAUNDERS.

Decided February 6, 1922.   Rehearing denied March 6, 1922.

Action in damages for death by negligent act of railway company.   Judgment for plaintiff.

*Affirmed.*

1.  MASTER AND SERVANT—*Relation of.*   Whether in any particular case an employe was acting within the scope of his employment, and was in fact an employe, is to be determined with a view to all of the surrounding circumstances.

2.      *Scope of Employment.*   A motorman for a railway corporation lost his life while asleep in a car barn of the company which was destroyed by fire through its negligence.   Held, that under the circumstances of this case the relationship of master and servant' existed between the company and the employe at the time of the accident, and that the employe was acting within the scope of his employment when he met his death.

*Error to the District Court of Teller County, Hon. John W. Sheafor, Judge.*

Mr. HORACE G. LUNT, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for death by wrongful act.   It was brought by the widow of Wesley W. Saunders, deceased, who met his death while in the employ of the defendant, the receiver of The Colorado Springs & Cripple Creek District Railway Company.   The cause of action is grounded on negligence.   There was a verdict and judgment for plaintiff.   Defendant brings the cause here for review.

The principal, and in effect the only, contention of the plaintiff in error, defendant below, is that the relation of

master and servant was suspended at the time the employe Saunders met his death.

Saunders' employment was that of a motorman. His usual duty was to operate a car which left the car barn shortly before six o'clock in the morning and returned at about 9:30 a. m. He made his regular run, on November 20, 1918, and at about 3:30 p. m. on that day he was required to report at the car barn and to take out another car. He did this, taking a shift ordinarily worked by another motorman, and remained with the car until 3:30 a. m. the next morning, when it returned to the car barn. He then remained in the car, and fell asleep. Shortly afterwards, and about 4:30 a. m., the car barn caught afire. Saunders lost his life in the fire. There is evidence that the burning of the barn was due to the negligence of the defendant and of a fellow-servant of Saunders. As to Saunders, or plaintiff, the negligence was undoubtedly actionable, if the relation of master and servant existed at the time of the fire and of Saunders' death.

Whether in any particular case an employe was acting within the scope of his employment, and was in fact an employe, is to be determined with a view to all of the surrounding circumstances. Every case will differ necessarily from every other case. 18 R. C. L. 580, sec. 86.

When Saunders reached the car barn at 3:30 a. m., after about twelve hours continuous service, there only remained to him two hours and fifteen minutes before the time for reporting for his regular run or shift. His home was one and one-half miles distant from the barn. Had he then gone to his home, about an hour and a half would have been consumed in going to and coming back from the house. To have gone home would have also resulted in the loss of sleep and impairment of his physical condition. His remaining in the car was not assuming a position of peril merely for his own pleasure or convenience. Had he remained in the car simply to obtain a rest, it would have been exercising a reasonable privilege of an employe. *Jacobson v. Merrill, etc. Mill Co.,* 107 Minn. 74,

119 N. W. 510, 22 L. R. A. (N. S.) 309. The defendant did not prohibit employes from sleeping in the car barn. The time for making the next run being so near at hand, Saunders was acting within the course of his employment by waiting in the car for the next shift instead of going elsewhere in the meantime. *Houston, etc. Co. v. McHale,* 47 Tex. Civ. App. 360, 105 S. W. 1149.

In our opinion, Saunders met his death while the relation of master and servant subsisted between him and the defendant.

There is no error in the record. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.