[Civ. No. 11803. Second Appellate District, Division Two.—July 11, 1938.]

PACIFIC INDEMNITY COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and EMMA KENDALL, Respondents.

F. Britton McConnell for Petitioners.

Everett A. Corten for Respondents.

McCOMB, J.—This is a writ of review to review an award of the Industrial Accident Commission.

Viewing the evidence most favorable to respondents, the essential facts are:

On October 11, 1937, respondent Emma Kendall was in the employ of Union Manufacturing Company as a seaming machine operator, being paid on a piece-work basis for her services. Prior thereto and in conformity with the provisions of subsection (a) of section 159 of the National Labor Relations Act, U. S. C. A., title 29 (labor), respondent Kendall had signed an instrument designating certain of her fellow employees as a "union committee" empowered to represent her and other employees in negotiations with their employer, Union Manufacturing Company, hereinafter designated as "employer".

This union committee posted notices that a meeting of the members of the union, which meeting all employees were required by the union to attend, would be held at 8 A. M., October 11, 1937, and the employees were informed that the power which operated their machines would not be turned on until the conclusion of the meeting.

The members of the union committee asked the employer if the meeting might be held on the premises of the employer, but the employer out of a scrupulous endeavor to comply with the spirit as well as the letter of the National Labor Relations Act refused this permission. Thereafter the union

committee, having failed to find an appropriate meeting place in the vicinity of the factory, again asked the employer if they might not hold the meeting on its premises and were informed that, if they would consult with the union's attorney and he ruled that it was not in violation of the National Labor Relations Act, space might be granted for the meeting. Thereafter the union committee's attorney prepared a form of agreement which was duly executed by the union committee and the employer permitting the holding of the meeting on the premises of the employer. The attorney for the union committee also prepared an amendment to this agreement, which was duly executed by the members of the union committee and the employer and which read as follows:

### "AMENDMENT TO AGREEMENT

"This amendment to an agreement entered into between committee representing employees of the Union Manufacturing Company and the owners of the Union Manufacturing Company entered into on June 3, 1937;

"Wherein it is hereby mutually agreed and understood by and between both parties that permission *is hereby granted* the above mentioned committee, or any other committee duly representing the employees of the Union Manufacturing Company, to use the sewing room on top floors of the M. Harris Building *for purposes of any employees group or committee meeting;* and in consideration of such use it is to be distinctly understood and agreed by and between both parties that at the time of and during such meetings *no representative of the management of the Union Manufacturing Company or its foreman or forelady is to be present.* At such meetings doors are to be kept closed and only employees *disassociated from the ownership or management are to be present.*

MABEL RIDLEY
ELIZABETH BENEZE
MARY COLBURN
MURIEL FIFE
VIOLA VOGT

"UNION MFG. CO.

By H. D. KROLL.

"This amendment to the agreement has been prepared, drawn up and agreed to at Los Angeles, California, this 7th day of October in the year 1937." (Italics added.)

While attending the union committee meeting held in rooms on the top .floor of the employer's building shortly after 8 A. M., October 11, 1937, respondent Kendall attempted to boost herself up to sit on a table. Her hand slipped from the table and she fell injuring herself.

This is the sole question to be determined:

■ *Was there substantial evidence to sustain this finding of the Industrial Accident Commission:*

*"1. Emma Kendall, whose date of birth was April 3, 1887, while employed on October 11, 1937, at Los Angeles, California, by Union Manufacturing Company, as a seaming machine operator, received an injury arising out of and occurring in the course of her employment when she fell from a table while attending an employees' meeting"?*

This question must be answered in the negative. The law is settled that an industrial injury is compensable only when the injury is received (1) while the employee is doing the duty he is employed to perform, and (2) as a natural incident of the work. (*Associated Oil Co.* v. *Industrial Acc. Com.*, 191 Cal. 557, 562 [217 Pac. 744].)

In *Associated Oil Co.* v. *Industrial Acc. Com.*, *supra*, our Supreme Court at page 561 said:

"Subdivision 7 of section 3 of the Workmen's Compensation Law of New York (Consol. Laws, c. 67) limits compensation to 'accidental injuries arising out of and in the course of employment'. Construing this language the court of that state said: 'The statute does not provide an insurance against every accident happening to the workman while he is engaged in the employment. The words "arising out of and in the course of employment" are conjunctive, and relief can be had under the act only when the accident arose both "out of" and "in the course of" employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work.' (*Daly* v. *Bates & Roberts*, 224 N. Y. 126, 127 [120 N. E. 118].) [2] The law in this state is the same."

In *Lumbermen's etc. Co.* v. *Industrial Acc. Com.*, 134 Cal. App. 131 (1933) it is said at page 133 [25 Pac. (2d) 22]:

"The right to an award is not alone founded upon the fact that such is the case, but upon the fact that the *service* the employee is rendering at the time of the injury grows out of and is incidental to the employment. . . . It was not intended by the Compensation Act that the employer who comes within its provisions shall be the insurer of his employee at all times during the period of his employment. The employer is liable for compensation only when an injury occurs to the employee while performing some act for the employer in the course of his employment, or incidental to it."

▮ It is likewise settled that the mere fact of employment and permission to use the premises of the employer does not give rise to a right to compensation under the Workmen's Compensation Act (Stats. 1917, p. 831) for an injury resulting to an employee. (Vol. 1, Campbell's Workmen's Compensation, 197, sec. 205.)

The rule is thus stated in volume 1, Campbell's Workmen's Compensation (1935) 197:

"The mere fact of employment and permissive use of the premises incidental thereto does not give rise to a blanket protection under the act."

Again, at page 202 of the same work, it is said:

"Mere permission or favor granted by the employer does not make such acts industrial."

In *Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300, at page 302 [184 Pac. 1], our Supreme Court said:

"It seems to us, however, that when an employee has arrived at the premises of his employer *and is thereon for the purpose of immediately commencing his actual work,* he is performing service incidental to his employment." (Italics added.)

▮ In the instant proceeding it appears without contradiction that respondent Kendall was attending a union meeting from which her employer and his representatives were expressly excluded. At the time respondent Kendall was injured she was not acting for her employer nor engaged in his service. She was exercising a personal privilege for her own personal benefit in attending a meeting of an organization of which she was a member and the purposes of which were clearly for her own interests and not necessarily in any way for the benefit of her employer. The meeting was to be held behind closed doors and its purposes were not commu-

nicated or made known to the employer. For aught that appears the meeting may have been held for the purpose of declaring a sit-down strike, demanding an increase in wages, or demanding shorter hours of employment. Certainly it cannot be said that any of these things were in furtherance of, or any such acts could come under the heading of, the work she was employed to perform, that is, operating a sewing machine, or were a natural incident of the work she was employed to perform. Such acts would clearly have been contrary to the interests of the employer. The very purpose of the National Labor Relations Act was to permit employees to deal at arm's length with their employer and to obtain from the employer concessions which in many instances would have a tendency to increase the employer's overhead and cost of operation. Such purposes, though perfectly justifiable in themselves, cannot be said to be for the benefit or in furtherance of the employer's work.

It is to be borne in mind that subsection 2 of section 158 of the National Labor Relations Act, title 29, prohibits the employer from interfering with the formation or administration of any labor organization. It is thus obvious that at the time respondent Kendall was injured she was engaged in an activity clearly beyond the scope of her employment, and that no duty rested upon the employer to direct her activities. On the contrary, he was by law prohibited from interfering with her actions.

The principles applicable to this proceeding are well summarized in the biblical aphorism:

"No servant can serve two masters: for either he will hate the one, and love the other; or else he will hold to the one, and despise the other." (St. Luke, 16:13.)

Respondent Kendall at the time she was injured was her own servant and not her employer's.

From the foregoing discussion it is manifest that there was no evidence to sustain the finding of respondent commission that respondent Kendall "received an injury arising out of and occurring in the course of her employment".

For the foregoing reasons the award is annulled.

Crail, P. J., and Wood, J., concurred.