TEGELS *v.* KAISER-FRAZER CORPORATION.

1. WORKMEN'S COMPENSATION—PROXIMATE CAUSE.
   The question of whether an injury can be said to have arisen out of and in the course of the employment depends upon the particular facts and circumstances of each case.

2. SAME—FINDINGS OF FACT BY COMMISSION—CONCLUSIVENESS.
   Findings of fact by the workmen's compensation commission are, in the absence of fraud, conclusive, if supported by competent evidence (CL 1948, § 413.12).

3. SAME—AMBIT OF EMPLOYMENT—PROXIMATE CAUSE.
   Whether an injury to an employee is compensable under the workmen's compensation act irrespective of where it arose, depends upon whether he was injured while within the ambit of his employment and whether there was a causal connection between the injury and the employment.

4. SAME—VOTING FOR SHOP STEWARD—PROXIMATE CAUSE.
   Employee who was voting for a shop steward during lunch hour for which time he was not paid, when he received an injury resulting in disability was not entitled to workmen's compensation therefor as the injury did not arise out of and in the course of his employment.

Appeal from Workmen's Compensation Commission. Submitted October 11, 1950. (Docket No. 36, Calendar No. 44,418.) Decided December 5, 1950.

Lawrence Tegels presented his claim for compensation against Kaiser-Frazer Corporation, employer, and Columbia Casualty Company, insurer,

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, § 210.
[2] 58 Am Jur, Workmen's Compensation, § 530.
[3] 58 Am Jur, Workmen's Compensation, § 215.
[4] 58 Am Jur, Workmen's Compensation, § 228.

for injuries alleged to have arisen out of and in the course of his employment. Award to plaintiff. Defendants appeal. Reversed.

*Kasoff & Young* (*Norman W. Stern,* of counsel), for plaintiff.

*Markle & Markle* (*James A. Markle* and *Richard G. Eubank,* of counsel), for defendants.

SHARPE, J.   Upon leave granted, defendants appeal from an award of the department of labor and industry in which it was determined that plaintiff is entitled to compensation at the rate of $21 per week for total disability from January 16, 1948, to April 19, 1948, and for partial disability at the rate of $21 per week from April 19, 1948, until the further order of the commission.

The essential facts are not in dispute. Plaintiff was an employee of defendant corporation as of April, 1947. His job was to operate a grinding machine. His duties required him to pick up a crankshaft with a small electric hoist, swing it into his machine and turn on the power. The machine would automatically perform the operation. Upon completion of the operation plaintiff then would swing the crankshaft over to a rack. On September 20, 1947, plaintiff was working the night shift. He started at 11:29 p.m., and ended at 6:45 a.m., the following morning. The men on this shift received a 22-minute lunch period. This period ran from 3 a.m., to 3:22 a.m. During this lunch period the men were free to come and go as they pleased. The men were not paid for the lunch period.

On the night in question, the union steward called a union meeting to be held during this period. The meeting was held in an aisle of the plant for the election of a shop steward. During the meeting a

vote was cast and as plaintiff was voting, he leaned forward to put his ballot in a hat and bumped his leg against a board which was standing by one of the machines. The bump did not break the skin. About 2 weeks after plaintiff received the bump, he went to see a doctor and about 4 months later he went to the company's first aid and complained of a case of hives resulting from having applied a sulfa ointment to his leg. Plaintiff continued to work for defendant company until January 15, 1948, when he was rendered incapable of performing the duties of his employment by a leg ulcer and a dermatitis condition covering large areas of his body.

The contract between the employer and the union at the date of the injury provided in part as follows:

"The company further agrees to recognize the shop stewards systems as the preliminary agency for negotiating the settlement of any grievance now existing or which may arise in the future.

"There shall be one shop steward for each department. There may be variations from this rule by agreement between the bargaining committee and the management.

"Any employee or group of employees having a grievance or grievances shall proceed toward adjustment and settlement of such grievance by the following procedure: A, the matter will be first taken up with the steward of the department in which the grievance originates. And then the employee with the steward shall present the grievance to the foreman under whom such employee is working."

Under the above contract the shop steward was recognized as the preliminary agency in the grievance procedure.

The principal issue in this case is whether plaintiff's injury arose out of and in the course of his employment. We have repeatedly held that the ques-

tion of whether an injury can be said to have arisen out of and in the course of the employment depends upon the particular facts and circumstances of each case. Under the statute (CL 1948, § 413.12 [Stat Ann 1949 Cum Supp § 17.186]), findings of fact by the workmen's compensation commission are, in the absence of fraud, conclusive, if supported by competent evidence.

In the case at bar the commission made a finding of fact that plaintiff received a personal injury arising out of and in the course of his employment, but did not state that attendance at the election of a shop steward was in the course of his employment. The decision of the commission and the award made thereon is one of first impression in this State.

Defendants contend that an injury occurring during a union meeting does not arise out of and in the course of employment and rely upon *Pacific Indemnity Co.* v. *Industrial Accident Commission,* 27 Cal App2d 499 (81 P2d 572). In that case the district court of appeals of California had occasion to pass upon this question. We quote from the opinion in that case:

"While attending the union committee meeting held in rooms on the top floor of the employer's building shortly after 8 a.m., October 11, 1937, respondent Kendall attempted to boost herself up to sit on a table. Her hand slipped from the table and she fell injuring herself.

"This is the sole question to be determined:

"*Was there substantial evidence to sustain this finding of the industrial accident commission:*

"'*Emma Kendall* * * * *received an injury arising out of and occurring in the course of her employment when she fell from a table while attending an employees' meeting'?*

"This question must be answered in the negative. The law is settled that an industrial injury is com-

pensable only when the injury is received (1) while the employee is doing the duty he is employed to perform, and (2) as a natural incident of the work. *Associated Oil Co.* v. *Industrial Accident Commission,* 191 Cal 557, 562 (217 P 744).  *  *  *

"In the instant proceeding it appears without contradiction that respondent Kendall was attending a union meeting from which her employer and his representatives were expressly excluded. At the time respondent Kendall was injured she was not acting for her employer nor engaged in his service. She was exercising a personal privilege for her own personal benefit in attending a meeting of an organization of which she was a member and the purposes of which were clearly for her own interests and not necessarily in any way for the benefit of her employer."

Plaintiff urges that he sustained an injury while performing a normally required part of his employment for the mutual benefit of his employer and himself; that the steward system was not primarily a union activity, but was a normal and every day phase of the employment relationship; and that voting for the election of a steward was a part of plaintiff's work and within the ambit of his employment. Plaintiff relies upon *Kennedy* v. *Thompson Lumber Co.,* 223 Minn 277 (26 NW2d 459), and *Amicucci* v. *Ford Motor Co.,* 308 Mich 151, in support of his claim.

In the *Kennedy Case* claimant was a shop steward charged with the duty of negotiating grievances. On the day in question claimant left his employer's premises to call the union agent in order to expedite settlement and avert a work stoppage. Before reaching the phone, he fell and was injured. The court, in affirming an award, stated:

"We find that when Kennedy was hurt he was acting in the interests of the employer as well as the

employees and that the injuries he sustained arose out of and in the course of his employment. We recognize that a shop steward is primarily a representative of the union."

In the *Amicucci Case* we quoted with approval from *Haller* v. *City of Lansing,* 195 Mich 753 (LRA 1917E 324), as follows:

"The general rule as to injuries during intermissions from labor, especially where the accident occurs on the employer's premises, is formulated from the decisions as follows in 1 Honnold on Workmen's Compensation, p 381.

" 'Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the workmen's compensation acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure a drink, refreshments, food, or fresh air, or to rest in the shade.' "

The test to be applied in compensation cases of this nature may be found in *Daniel* v. *Murray Corporation of America,* 326 Mich 1, 12, where we said:

"In this State the test that has been followed is whether the employee, regardless of where his injury arose, either on or off the premises of his employer, was injured while within the ambit of his employment, and whether there was a causal connection between the injury and the employment."

For cases holding that the injury was in the course of employment, see: *Anderson* v. *Kroger Grocery*

& *Baking Co.,* 326 Mich 429; *Amicucci* v. *Ford Motor Co., supra; Schultz* v. *Chevrolet Motor Co.,* 256 Mich 393; *Wyrwa* v. *Murray Corporation of America,* 274 Mich 670; *Mann* v. *Board of Education of City of Detroit,* 266 Mich 271; *Clem* v. *Chalmers Motor Co.,* 178 Mich 340 (LRA1916A 352, 4 NCCA 876); *Haller* v. *City of Lansing, supra.*

For cases holding that the injury did not occur in the course of employment, see: *Luteran* v. *Ford Motor Co.,* 313 Mich 487; *Holloway* v. *Ideal Seating Co.,* 313 Mich 267; *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich 125 (LRA1916A 17, 9 NCCA 647); *Carnahan* v. *Mailometer Co.,* 201 Mich 153; *Buvia* v. *Oscar Daniels Co.,* 203 Mich 73 (7 ALR 1301); *State Treasurer* v. *Kaiser-Frazer Corp.,* 326 Mich 715; *Rucker* v. *Michigan Smelting & Refining Co.,* 300 Mich 668; *Pilgrim* v. *Menthen,* 327 Mich 714.

There is a group of cases wherein an injury occurred while the injured party was performing acts of ministration to himself. In such cases compensation has been allowed. See *Amicucci* v. *Ford Motor Co., supra.* The facts in the case at bar do not come within the rule announced in those cases as, in the case at bar, plaintiff was not ministering to his personal comfort. In our opinion the case of *Kennedy* v. *Thompson Lumber Co., supra,* is not controlling. In that case plaintiff was injured while actively engaged in rendering a service to his employer. In the case at bar plaintiff was not actively engaged in rendering a service to his employer at the time of his injury. He was exercising a privilege common to all members of the union in the selection of a steward. It cannot be said that his injury arose out of and in the course of his employment.

The order of the workmen's compensation commission is reversed, and the case remanded for entry

of an order denying compensation. Defendants may recover costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.