110 N.J. Super. 360 (1970)
265 A.2d 565
LARAINE FANTASIA, PETITIONER-APPELLANT,
v.
HESS OIL AND CHEMICAL CORP. NOW HESS OIL AND CHEMICAL DIV., AMERADA HESS CORP., RESPONDENT-APPELLEE.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided May 14, 1970.
*361 Mr. John M. Strichek for petitioner-appellant (Messrs. Waters & McPherson, attorneys).
Mr. James A. Robottom for respondent-appellee (Messrs. Haskins, Robottom & Hack, attorneys).
ARNOLD, J.C.C.
This is an appeal from the Division of Workmen's Compensation wherein dependency benefits are sought for a widow and three minor children. The matter was before this court once before and was remanded in order to make the record more complete.
The parties agree that decedent was a member of a union engaged in a labor dispute with respondent. Joseph P. Fantasia, age 24, was an employee of respondent. He died on June 20, 1966 when he was struck by an automobile while acting as a picket at the entrance to respondent's premises which are located on Route 46 at the traffic circle in Little Ferry, New Jersey. The automobile which struck him was owned by a third party who had no interest in the labor dispute; it accidentally left the roadway, went onto the Hess property and struck decedent, causing his death.
The only factual dispute of the parties is whether the union of which decedent was a member was locked out or whether it was on strike at the time of the accident.
Petitioner contends there was a lock-out, and, therefore there was no severance of employment between decedent and respondent, and that petitioner is entitled to the benefits provided by the Workmen's Compensation Act. Respondent contends that the accident did not arise out of and in the course of employment, and therefore petitioner was not entitled to the benefits of the act.
The only evidence presented in the matter was testimony by Leonard P. Conte, the secretary and treasurer of Teamster's Local 866, who was called as a witness by petitioner. *362 His testimony was uncontradicted, and the evidence demonstrates there was a lock-out and not a strike in progress at the time of the accident.
Social legislation such as the Workmen's Compensation Act ought to be liberally construed and not given a restrictive construction. See Binet v. Ocean Gate Board of Education, 90 N.J. Super. 571 (App. Div. 1966). Liberal construction of the act is usually applied when questions arise, such as what constitutes the premises, what are the hours of employment, and what are substantial departures from employment.
We deal with a labor dispute. Counsel have been unable to find any authority which would either support or deny an award of workmen's compensation. It would appear as a general rule that union activities which do not simultaneously serve the interest of the employer do not fall within the course of employment. See Tegels v. Kaiser-Fraser Corp., 329 Mich. 84, 44 N.W.2d 880 (Sup. Ct. 1950). See also Larson, "Workmen's Compensation Law," (1968 ed.) § 27.33, at 452.56.
Certainly the picketing involved here was not in the interest of the employer, and decedent was not discharging a duty of his employment. However, petitioner would apply the positional risk doctrine and argues that the death would not have occurred but for the fact that the lock-out placed decedent in the position where the harm occurred. In support of this argument petitioner cites Crotty v. Driver Harris Company, 49 N.J. Super. 60 (App. Div. 1958); Piazza v. Prince's Farms, 86 N.J. Super. 100 (App. Div. 1965); Martin v. J. Lichtman & Sons, 42 N.J. 81 (1964). An examination of these cases discloses a factual situation where the employer-employee relationship was in existence, and the only question involved was that of one as to whether the employee was on the premises or whether the accident occurred during the hours of employment. In the case at bar the employer-employee relationship no longer existed. The employer had no control over the employees' activities, *363 nor did he pay them. When the employer locked out the employees, it was similar to a situation where employees are laid off.
It is not the function of this court to pass on the fairness or justice of the lock-out, but only to determine in such a situation whether petitioner is entitled to compensation under the Workmen's Compensation Law. It may very well be that pensions, vacations and other benefits provided by labor contracts are not affected by strikes and lock-outs; however, for petitioner to recover in the present case, the accident must arise out of and in the course of employment. While the accident might have arisen out of the employment, it did not arise in the course of employment. The relationship of employer-employee did not exist. If the Workmen's Compensation Act ought to provide benefits in a situation such as this, it would appear to be more of a legislative matter.
Accordingly, the judgment of the Workmen's Compensation Division is affirmed.