## Buoniconti v. Shoemaker

*Samuel S. Pangburn,* for plaintiff.
*Arthur R. Gorr,* for defendant.

GLADDEN, *J.,* October 13, 1978—Defendant, Oliver Shoemaker, has filed preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass setting forth an immunity from liability under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq. Defendant, RCA Corporation, has filed an answer with new matter and denies, inter alia, that plaintiff was at the time of the alleged incident its employe.

Since this is a matter which may be one of first impression in Pennsylvania, a brief review of the facts set forth in the complaint follows: On February 16, 1976, plaintiff, a member of Local 1207 of the International Union of Electrical Workers and a striking employe of RCA, was participating in a picket line at the entrance to the RCA plant, located at Meadowlands, this county. While thus engaged he was struck by an automobile operated by defendant, Shoemaker, who, it is alleged, was an agent, servant or employe of RCA. Plaintiff has brought suit to recover for his personal injuries.

Defendant, Shoemaker, argues that the suit should be dismissed as to him, since any recovery which may be due plaintiff must be afforded under workmen's compensation and not on the basis of common law negligence.

Defendant cites 77 P.S. §72 and 77 P.S. §411 to substantiate his claim.

77 P.S. §72 says: "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong. 1915, June 2, P.L. 736, art. II, §205, added 1963, Aug. 24, P.L. 1175, No. 496, §1."

77 P.S. §411 says: "The term 'injury arising in the course of his employment' shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer whether upon the employer's premises or elsewhere and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe who, though not so engaged, is injured upon the premises occupied by or under the control of the employer or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

It is Shoemaker's contention that since both plaintiff and Shoemaker were employes of RCA, and since the incident occurred on employer's property, these facts bring plaintiff within the coverage of the Workmen's Compensation Act.

On the other hand, plaintiff argues that, as a striking employe, plaintiff was not actually engaged in the furtherance of the business or affairs of his employer, and that the fact Shoemaker worked for RCA, or that the incident occurred on RCA's property, is not significant. He maintains,

therefore, that his remedy is not within the purview of the act.

Neither counsel has supported his argument with a Pennsylvania decision dealing with a *striking* employe injured by a co-employe on the premises of the joint employer.

Defendant cites several Pennsylvania cases to support his argument, none of which fits squarely into the factual situation of this case. In Ingersoll-Rand Company v. Workmen's Compensation Appeal Board, 12 Pa. Commonwealth Ct. 502, 316 A. 2d 673 (1974), an employe en route to his work slipped and fell in employer's parking lot, and the court found that employe was entitled to the benefits of the act. In Barton v. Federal Enameling & Stamping Company, 122 Pa. Superior Ct. 587, 186 A. 316 (1936), the court extended the act to cover a situation where an employe, after his work, drove off a driveway located on employer's premises into a creek and drowned. In Henry v. Lit Brothers, 193 Pa. Superior Ct. 543, 165 A. 2d 406 (1960), an employe on his lunch break ran into a concrete pillar while playing touch football. The Superior Court ruled that the act applied.

From an analysis of these cases we can conclude that when the injury occurred on employer's premises, while the injured party was an employe, even though en route to or from his job or while on his lunch break, the court under the factual circumstances has extended the protection of the act. The victims here were within the scope of their employment, and the employer was engaging in the conduct of its business. These findings are consistent with the philosophy of a liberal construction of legislation that is primarily social in nature.

A strike situation, however, presents an entirely

different circumstance. Can we say that a striking employe is "engaged in the furtherance of the business of his employer" and justify our saying so merely because the injury occurred on employer's premises and was caused by another employe? We cannot reach such a result. To do so would open the act to the absurdities of clever imagining never intended.

Clearly the relationship of employer-employe was abridged by the strike. While it is possible that some of the benefits of employment may continue during a strike situation, i.e., pension, seniority, it is improbable that plaintiff was being paid by his employer to picket. Plaintiff was not engaged in his employer's business nor in the furtherance of his employer's affairs. Clearly, it was just the opposite.

The New Jersey case of Fantasia v. Hess Oil & Chemical Corp., 110 N.J. Super. 360, 265 A. 2d 565 (1970), deals with a similar factual situation. There the court said:

"It would appear as a general rule that union activities which do not simultaneously serve the interest of the employer do not fall within the course of employment. . . . In the case at bar the employer-employee relationship no longer existed. The employer had no control over the employees' activities, nor did he pay them. When the employer locked out the employees, it was similar to a situation where employees are laid off. . . . The relationship of employer-employee did not exist. If the Workmen's Compensation Act ought to provide benefits in a situation such as this, it would appear to be more of a legislative matter."

We find that this expression of the law by the New Jersey court is suitable to a similar factual situation in this jurisdiction.

Accordingly, we would dismiss the preliminary objections as well.

## ORDER

And now, October 13, 1978, the preliminary objections of defendant, Oliver Shoemaker, in the nature of a demurrer to plaintiff's complaint in trespass are dismissed. Defendant shall have 20 days from the date hereof to file an answer.