COLORADO COURT OF APPEALS                                    **2017COA74**

---

Court of Appeals No. 16CA1388
Industrial Claim Appeals Office of the State of Colorado
WC No. 4-911-673

---

Pueblo County, Colorado; and County Technical Services, Inc.,

Petitioners,

v.

Industrial Claim Appeals Office of the State of Colorado; and Mary Rodriguez,

Respondents.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE ROMÁN
Booras and Fox, JJ., concur

Announced May 18, 2017

---

Dworkin, Chambers, Williams, York, Benson & Evans, P.C., Mary B. Pucelik,
Denver, Colorado, for Petitioner

No Appearance for Respondent Industrial Claim Appeals Office

Michael W. Seckar, P.C., Lawrence D. Saunders, Pueblo, Colorado, for
Respondent Mary Rodriguez

¶ 1     This appeal presents a workers' compensation question of first impression in Colorado.  Is an injury sustained by a union officer during attendance at a union meeting to review an employer's proposal for a new collective bargaining agreement compensable under the Workers' Compensation Act of Colorado (Act), sections 8-40-101 to 8-47-209, C.R.S. 2016?  Applying the mutual benefit doctrine, we conclude, in the context of this case, that the answer is yes.

## I.     Background

¶ 2     Claimant, Mary Rodriguez, was the president of the local union.  She worked for Pueblo County (employer) in the Housing and Human Services Department.  Membership is required for workers in a "bargaining unit" and union dues are deducted from workers' paychecks, but participation in meetings is voluntary.

¶ 3     On December 11, 2012, claimant stayed after work for a union meeting.  The meeting was held immediately after claimant clocked out for the day and took place in a conference room in the building in which she worked.  Employer does not pay workers for the time spent in union activities, but it makes conference rooms in county buildings available for union meetings.

¶ 4 The purpose of the meeting was to review and make any necessary changes to the new collective bargaining agreement that was being negotiated. No one in management attended the meeting.

¶ 5 After the meeting ended, claimant walked to the adjacent parking lot where she normally parked at work. Claimant opened her car door, reached in to place a few items on the seat, turned around to get into the car, and slipped on ice. She fell, hitting the frame of the car door and injuring her shoulder, wrist, elbow, and shin.

¶ 6 Claimant filed a workers' compensation claim for her medical expenses. An Administrative Law Judge (ALJ) denied and dismissed the claim, concluding that claimant "was not in the course and scope of her employment at the time of her injury." In doing so, the ALJ pointed out that "as a general rule, union activities are personal and, therefore, if a worker is injured while participating in a union meeting, the claim is not compensable."

¶ 7 The Industrial Claim Appeals Office Panel (Panel) disagreed with the ALJ, concluding that claimant's union activities were "sufficiently incidental" to her work "as to be properly considered as

arising out of and in the course of employment." The Panel also stated that, "assuming arguendo, that the claimant was required to prove a benefit to the employer . . . the claimant met that burden here."

¶ 8    Accordingly, the Panel determined that claimant's injury occurred in the course and scope of her employment and arose out of her employment. It thus remanded the case to the ALJ to determine claimant's benefits.

¶ 9    On remand, the ALJ ordered employer to pay all of claimant's reasonable, necessary, and related medical treatment. The Panel affirmed this order, reiterating its prior conclusions and analysis. Employer now appeals to this court.

## II.    Arising Out of and In the Course of Employment

¶ 10    Employer contends that the Panel erred in holding that the post-work injury sustained immediately following claimant's attendance at a union meeting arose out of and in the course of employment. Under the facts of this case, we disagree.

¶ 11    In order for claimant's injury to be compensable, it had to both arise out of and in the course of her employment. "The 'course of employment' requirement is satisfied when it is shown that the

injury occurred within the time and place limits of the employment relation and during an activity that had some connection with the employee's job-related functions." *Wild W. Radio, Inc. v. Indus. Claim Appeals Office*, 905 P.2d 6, 8 (Colo. App. 1995). An injury arises out of employment when it has its origin in an employee's work-related functions and is sufficiently related to those functions so as to be considered part of employment. It is not essential, however, that an employee be engaged in an obligatory job function. *City of Brighton v. Rodriguez*, 2014 CO 7, ¶ 17 (citation omitted).

### III. Compensability of Injuries Occurring From Union Activities

¶ 12 Colorado's appellate courts have not addressed whether a post-work union meeting, in which an employee participated, arose out of and in the course of employment, making an injury compensable. A number of other states and authorities have, however, addressed the compensability of injuries occurring in this context.

¶ 13 As articulated by the principal treatise on workers' compensation, *Larson's Workers' Compensation Law*, the general rule provides that union activities are "exclusively for the personal benefit of the employee, and devoid of any mutual

4

employer-employee benefit that would bring it within the course of employment." 3 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 27.04[3][a] (2015); *see also Pac. Indem. Co. v. Indus. Accident Comm'n*, 81 P.2d 572, 575 (Cal. Dist. Ct. App. 1938) (finding no coverage for injury sustained by employee during union meeting held on employer's premises because meeting was not "for the benefit or in the furtherance of the employer's work"); *Spatafore v. Yale Univ.*, 684 A.2d 1155, 1162 (Conn. 1996) ("Traditionally, attendance at a union meeting was viewed as a benefit solely for the employee with no concomitant benefit to the employer and therefore did not fall within the course of employment."); *Tegels v. Kaiser-Frazer Corp.*, 44 N.W.2d 880, 884 (Mich. 1950) (noting that employee's participation in union meeting at plant to elect shop steward did not arise "out of and in the course of his employment").

¶ 14    Today, it is still usually the case that injuries sustained during "unilateral union activities conferring, if any, only a remote or indirect benefit upon the employing enterprise" are not covered. *Mikkelsen v. N. L. Indus.*, 370 A.2d 5, 8 (N.J. 1977).  Workers therefore are unlikely to have coverage for injuries sustained while walking the picket line or participating in a strike.  *See, e.g.,*

*Fantasia v. Hess Oil & Chem. Corp.*, 265 A.2d 565, 567 (N.J. Super. Ct. Law Div. 1970), *aff'd*, 273 A.2d 402 (N.J. Super. Ct. App. Div. 1971); *Koger v. Greyhound Lines, Inc.*, 629 N.E.2d 492, 495 (Ohio Ct. App. 1993); *Universal Cyclops Steel Corp. v. Workmen's Comp. Appeal Bd.*, 305 A.2d 757, 764 (Pa. Commw. Ct. 1973).

¶ 15 The leading treatise, however, recognizes a trend toward finding a mutual employer-employee benefit in the actions of union officers: "It is being increasingly held . . . that an activity undertaken by an employee in the capacity of union office may simultaneously serve the interest of the employer [and the employee]." Larson & Larson at § 27.03[3][c].

¶ 16 Under the mutual benefit doctrine, the court must examine the circumstances of each case in determining whether a union activity is of mutual benefit to the employer and employee.[1] *New Eng. Tel. Co. v. Ames,* 474 A.2d 571, 574 (N.H. 1984) (holding that injury sustained when claimant hit knee on table during union

---

[1] Claimant also asks us to assess these cases based on whether the activities were "incidental to the employment." We decline to do so, because we agree with the New Hampshire Supreme Court that the better analysis is to consider whether the union activity was of mutual benefit to the employer and employee. *New England Tel. Co. v. Ames,* 474 A.2d 571, 574 (N.H. 1984).

negotiating session with employer compensable because "the activity . . . was of mutual benefit to [the claimant and the employer], and thus arose in the course of employment"); *Salierno v. Micro Stamping Co.*, 345 A.2d 342, 343, 345 (N.J. Super. Ct. App. Div. 1975) (finding that heart attack which occurred "[s]hortly after" employee participated in union negotiations compensable), *aff'd*, 370 A.2d 3 (N.J. 1977).

¶ 17    The facts of *D'Alessio v. State*, 509 A.2d 986 (R.I. 1986), are even more analogous. There, the claimant, a union officer, attended a union meeting in a conference room that the employer supplied "specifically for the purpose of conducting these meetings." *Id.* The meeting was held three hours after the claimant had clocked out — suggesting she was not paid for her time — and was called "to discuss grievances to be submitted to their employer." *Id.* Because the meeting "served to facilitate ongoing negotiations with the employer management by separating out gripes from legitimate grievances," the union meeting "was of mutual benefit to both the

employer and the employee" and the injuries claimant sustained during the meeting were compensable. *Id.* at 988.[2]

### IV.    Mutual Benefit Doctrine

¶ 18    Colorado too has applied the mutual benefit doctrine, albeit in different contexts.[3]  *See Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 375, 423 P.2d 2, 5 (1967) ("An injury suffered by an employee while performing an act for the mutual benefit of the employer and the employee is usually compensable, for when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment." (quoting 99 C.J.S., *Workmen's Compensation*

---

[2] We disagree with employer's assertion that there "is no precedent for holding as the ICAO did that negotiations can take place at a union meeting from which employer representatives are excluded." *See, e.g., Mikkelson v. N.L. Indus.*, 370 A.2d 5, 9 (N.J. 1977); *D'Alessio v. State*, 509 A.2d 986 (R.I. 1986); *Ackley-Bell v. Seattle Sch. Dist. No. 1*, 940 P.2d 685, 690 (Wash. Ct. App. 1997).

[3] The doctrine was originally labeled the dual purpose doctrine. *See Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 375, 423 P.2d 2, 5 (1967).  But it is now referred to as the mutual benefit doctrine. *See Dunavin v. Monarch Recreation Corp.*, 812 P.2d 719, 720 (Colo. App. 1991) (affirming denial of workers' compensation benefits because claimant's "personal skiing activity" was not "an act for the mutual benefit of him and his employer (within the 'dual purpose' doctrine)").

§ 221 (1958))); *Deterts v. Times Publ'g Co.*, 38 Colo. App. 48, 52, 552 P.2d 1033, 1036 (1976) (same).

## V.    Application

¶ 19    We conclude that union activity cases in Colorado should be analyzed under the mutual benefit doctrine to determine compensability.  In this case, the claimant, a union officer, participated in a union meeting that served to facilitate ongoing negotiations between the union and employer concerning a new collective bargaining agreement.  This process contributed to employer's efficient operation.  Thus, we hold that the union activity in this case was of mutual benefit to employer and employee.

¶ 20    Further, where it is determined that mutual benefit occurred, the location of the injury is not determinative.  *Compare Ames*, 474 A.2d at 572, 574 (worker from New Hampshire injured at union negotiating session with employer held offsite in Boston), *with D'Alessio*, 509 A.2d at 987 (purpose of after-hours union meeting held on employer's premises without management participation was to assess grievances to "weed out" "mere gripes . . . from legitimate contractual grievances before negotiation with employer").

¶ 21 Because the ALJ's factual finding was premised on a misapplication of the law, the Panel was not bound by it. *Paint Connection Plus v. Indus. Claim Appeals Office*, 240 P.3d 429, 431 (Colo. App. 2010) ("When an ALJ's findings of fact are supported by substantial evidence, we are bound by them. However, an agency's decision that misconstrues or misapplies the law is not binding.") (citation omitted).

¶ 22 We conclude that, under these circumstances, claimant's union meeting was a mutual benefit to employer and employee. Therefore, the injuries she sustained in the parking lot after leaving the union meeting were compensable.

## VI. Conclusion

¶ 23 The order is affirmed.

JUDGE BOORAS and JUDGE FOX concur.