**THANNISCH CHEVROLET CO., Inc., v. KLINE et al.**

No. 13981.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 10, 1939.

Rehearing Denied Dec. 8, 1939.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellant.

McLean & Woodward, Warren C. Logan Jr., and Mack & Mack, all of Fort Worth, for appellees.

BROWN, Justice.

Appellee, E. F. Kline, the father of the minor, Eugene Kline, filed suit for damages accruing to him, as father of Eugene Kline, and those accruing to his said son, as against Thannisch Chevrolet Company, Inc., and one W. R. Loflin, an employee of said private corporation defendant.

The cause of action is bottomed on the theory that Loflin, who drove an automobile into young Kline, was using such auto, then owned by said corporation defendant, in the scope of his employment by said corporation, and in the furtherance of its business.

Defendant, Thannisch Chevrolet Company, Inc., answered by general demurrer and general denial. Defendant Loflin made no answer, or appearance.

The cause was tried to a jury and at the close of the introduction of evidence, the said corporation defendant requested the court to give the jury a peremptory instruction in its behalf. The motion was denied.

The cause was submitted to the jury on 19 special issues, on which the jury made findings, in substance, as follows: (1) the direction in which Loflin was driving the

auto, and its position on the street, (2) such driving was negligence, and (3) a proximate cause of plaintiff's injuries, (4) that Loflin suddenly drove the auto into the minor plaintiff, (5) so doing was negligence, and (6) a proximate cause of the injuries, (7) that Loflin failed to have the car's headlights burning, (8) such was negligence, and (9) a proximate cause of the injuries, (10) that the auto operated by Loflin was owned by defendant corporation, (11) that Loflin took the said auto at the time with the permission of McNutt, the manager of the corporation, (12) that at the time of the collision Loflin, the driver of the auto, was in the performance of a mission for the defendant company, (13) that young Kline sustained personal injuries, (14) awarding him damages in the sum of $5,500, (15) that the father sustained damages by reason of the injuries to his minor son, and (16) awarding him the sum of $2,000, (17) that the failure of the minor plaintiff to have his bicycle lighted was not a proximate cause of the collision, (18) that Loflin was not driving the company's auto, on the occasion in question, while on a personal mission of his own, and (19) that Loflin did not take the company's auto to go home for supper.

The said company moved for a judgment notwithstanding the verdict, and its motion was denied.

On the verdict, the trial court gave judgment for the complaining parties jointly and severally against both said defendants, and motion for a new trial having been timely made by said corporation, defendant, and overruled, it has brought the judgment before us for review.

On the evening of the accident, it was shown that somewhere around 6 P. M. Loflin took one of the company's used cars and drove home in it, ate his supper and was returning in the car when he ran into the minor plaintiff. The burden of proof was assuredly upon the plaintiffs to show that Loflin was in the performance of his duties as an employee of the corporation and acting within the scope of his employment, or that he was acting in the furtherance of his master's business, when the accident occurred, in such a manner as that his conduct would be binding upon the master, before the plaintiffs may recover damages against the master.

It is undisputed that Loflin took the car for the purpose of going home to eat his supper. There is not a scintilla of evidence tending to show that it was taken for any other purpose. Loflin so testified and no one attempted to contradict him. McNutt, who was general manager of the said corporation, at the time of the accident, and who was no longer connected with such defendant, testified that Loflin took the car without McNutt's knowledge or consent. This testimony is not contradicted by any witness, but is corroborated by Loflin.

The only evidence, on this issue, adduced by the plaintiffs was to the effect that McNutt was somewhere around the company's place of business when Loflin took the car, and that when Loflin took it the witness did not hear anyone enter a protest. As we view the situation here no one connected with the corporation had the authority to permit Loflin to take the car, or to protest the taking of same by Loflin, but McNutt, the general manager. None of the other employees had any more general authority, under this record, than did Loflin.

We find no testimony, or evidence, in this record tending to establish the fact that the general manager, McNutt, gave Loflin permission to use the car on the occasion in question, and the jury's finding that such permission was given is wholly without support in the evidence.

The undisputed testimony shows that Loflin took the car for the purpose of going home to eat his supper, and there is no evidence even remotely tending to show that the car was taken for any other purpose, and the jury's finding that Loflin did not take the car for the purpose of going home to eat his supper is wholly without support in the evidence.

The purpose for which Loflin took the car being undisputed, and the fact that he took it without the knowledge or consent of the general manager being likewise undisputed, we come to the finding of the jury to the effect that Loflin, at the time in question, was not driving the car on a personal mission (of his own).

The plaintiffs, for the purpose of raising an issue whereby the rule of respondeat superior may be invoked, attempted to show, by circumstances, that Loflin took the car to hurry home and eat his supper and hurry back to the company's place of business for the purpose of making up, or completing, the company's payroll. To do this a witness testified that the payroll was made up on Friday nights, for use

Saturdays, and that the accident occurred on Friday night, and that a part of Loflin's duties was to make up the payroll.

■ We wish to make our position clear, in this case, and we here state that, in order to raise an issue, on which this master could be held here, it would have been necessary to introduce evidence to prove that the general manager, who was Loflin's superior, gave Loflin the right to use the car, on the occasion in question, for the express purpose of saving time, in going away from the company's place of business to get his supper, and in returning to his duties at the place of business.

Or it must be made to appear from the evidence that it was the custom and practice of the company to give Loflin, or its employees generally, the right to use the company's cars for such purposes.

No such evidence appears in this record; but we do find where plaintiffs' witness, Burgess, was asked the following question, and gave the answer shown: "Q. Now I will ask you to state what was the custom of Loflin with reference to using company used cars? A. Well, he would go home to eat, and occasionally he would drive down."

■ In the first place, we do not believe such testimony is sufficient to raise an issue where the establishment of a special custom is required.

The general manager and Loflin denied that any such custom prevailed, and, in such circumstances, the evidence of the witness Burgess, under the rule in Texas, was insufficient to raise the issue.

The testimony of Loflin is to the effect that he took the car without obtaining permission, and that when he had done so prior to the time of the accident, it was done without the knowledge or consent of the manager; and the manager's testimony corroborates Loflin's and denies the existence of any such custom as is relied upon.

42 Texas Juri., para. 29, pages 864, 865, and cases cited.

■ No such custom was pleaded, and it is fundamental that a special custom, relied upon, must be pleaded.

■ But, even if the evidence were uncontradicted that Loflin took the car, with the consent of the manager, on the occasion in question, we do not believe that the fact that Loflin drove it home to get his supper and was returning in order to perform some task for his employer, could make the employer responsible for the negligent acts of Loflin, while either going to his home or returning to his place of employment.

We think this conclusion is absolutely sound, in the absence of proof that the employer directed Loflin to go home in the car and to return for the purpose of performing some duty for the master. Under such circumstances, we think that the question would be "close" and the right of recovery doubtful.

We cite, in support of our conclusions: Langford v. El Paso Baking Co., Tex.Civ. App., 1 S.W.2d 476, writ dismissed; Van Cleave et al. v. Walker et al., Tex.Civ. App., 210 S.W. 767, 768.

In the last-cited case the court said:

"It is argued by appellee, and this is probably the theory on which the jury proceeded in reaching the verdict, that even if the defendant Hirsch did take the automobile out for his own purposes, yet it was his duty to take it back and put it in the salesroom after such use and his acts in so doing would be in the service of his employers.

"This is a too narrow view of the act. The return of the automobile was an incident to its use, and if the use was for the benefit of the employe, and not in the service of the master, the entire transaction is to be regarded as for his own benefit." Bresnan v. Republic Supply Co., Tex.Civ. App., 63 S.W.2d 1105, 1108, writ refused.

In the case cited next above, the following language is used: "Just a little while before the accident in question, Ellis had left his home where he had gone for lunch, to return to the store. Was he then in the course of his employment on the way to the store? He was just as much so as when at the Courtesy Filling Station he got into his car to go to the store. In neither case we think was he in the course of his employment with the defendant."

■ We are of opinion that there are other errors which would require a reversal, but believing that the judgment of the trial court should be reversed and judgment here rendered for Thannisch Chevrolet Company, Inc., we pretermit discussing such other matters.

The judgment rendered by the trial court against Thannisch Chevrolet Company, Inc., is by us reversed, and judgment here rendered that appellees take nothing as against such defendant. The judgment in all other respects is left undisturbed.