**OLSON et al. v. TEXAS EMPLOYERS INS. ASS'N.**

No. 14424.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 9, 1942.

Rehearing Denied Nov. 6, 1942.

Claude Spratling, G. R. Lipscomb, A. W. Christian, and W. A. Hawkins, all of Fort Worth, for appellants.

Cantey, Hanger, McMahon, McKnight & Johnson and F. T. Denny, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is a workman's compensation case. After the return of a jury verdict which was favorable to plaintiffs, the trial court, upon motion by defendant, the insurance carrier, rendered judgment non obstante veredicto, denying the plaintiffs any recovery of compensation. The only question which need be considered here is whether the evidence is sufficient to authorize a finding by the jury that the employee was in the course of his employment at the time he received the injuries which resulted in his death.

The employee, Odin Olson, was employed as driver of a truck used in the distribution of beer to retail beer dealers in a certain designated area in Tarrant County, which included a portion of the City of Fort Worth. All of the events mentioned herein occurred within the area in which Olson was employed to drive said truck. His employer was an unincorporated concern known as Uncle Jo Bottling Company, which acted as a wholesale distributor of Schlitz beer.

Leading out from the City of Fort Worth in a westerly direction is a highway known as the White Settlement Road. On this highway, at a point a mile or more west of the city, there is a bridge. Further west there is a road running northerly from this highway, known as the Roberts Cut-off. At the time of the accident in question, Olson resided on the Roberts Cut-off at a point about three hundred feet north of the White Settlement Road. At a distance several hundred yards west of the intersection of the Roberts Cut-off Road with the White Settlement Road, and on the last mentioned highway, there is a dancing establishment known as Crystal Springs, operated at the time in question by one Sam Cunningham. Traveling west from Fort Worth, one will first encounter the bridge mentioned, then the Roberts Cut-off Road, then the Crystal Springs dance hall.

On the night of March 5, 1940, Olson attended a stag party at a place known as the Pioneer Palace, in the western part of the City of Fort Worth, a few blocks south of the eastern terminus of the White Settlement Road. At about midnight Olson left the Pioneer Palace, driving west along the White Settlement Road. He was alone, and was driving a car belonging to a woman acquaintance at whose house he resided. In some unexplained manner the car he was driving collided with a portion of the bridge, and Olson, after alighting from the car, fell off the bridge. He died a few days later from the injuries there received.

In brief, it is the contention of plaintiffs that Olson's duties required him to work at all hours in selling and promoting sales of Schlitz beer; that he was thus engaged while at the stag party at Pioneer Palace; and that he was traveling from Pioneer Palace to Crystal Springs at the time of the accident for the purpose of collecting an account owing by Crystal Springs to Uncle Jo Bottling Company for beer sold to the former by Olson.

The general manager, as well as other representatives of the employer, testified that Olson was not instructed by his employer to attend the stag party at Pioneer Palace, or to perform any duties there for his employer. The evidence introduced by plaintiffs as tending to show employment there was that of certain persons, mostly truck drivers employed by other wholesale beer distributors, to the effect that Olson was seen tapping and drawing beer from a keg containing Schlitz beer, and serving it to persons at the party. It is undisputed, as appears from the testimony of all the witnesses who attended the stag party, that the drinking grew in volume as the party progressed, and that the point was reached where the guests at the party were not content to be served by the waiters and bar tenders, but began helping themselves. One witness said: "We went out there to drink. That was our purpose in being out there. * * * there was lots of beer out there and it was flowing freely." Another witness said that Olson was acting at the bar like a lot of the rest of them, and all of the witnesses testified that Olson drank a considerable quantity of beer. One witness described it thus: "If you have ever been to a stag party, you know what happens".

While both parties devote many pages of their respective briefs to consideration of the situation at Pioneer Palace on the night of the stag party, we are not able to see that it is of controlling importance here whether or not Olson was engaged in the course of his employment while at the stag party, because the evidence is undisputed that he had finished his business or pleasure there, whichever it was, and was on his way upon another mission when the fatal accident occurred. It appears undisputed that the party broke up almost simultaneously with the consumption of the last of the beer on hand. But out of deference to the energetic presentation of their respective views on the question, we have carefully examined the testimony, and have arrived at the conclusion that there is no evidence of probative value tending to show that Olson was acting in the course of his employment while at the stag party at Pioneer Palace.

The contention that Olson was engaged in the course of his employment as he drove along the White Settlement Road is based upon the testimony of two truck drivers employed by other wholesale beer distributors. They testified that they left the stag party at the same time that Olson left; and that as they left Olson told them that he had to go to Crystal Springs to collect a beer bill from Sam Cunningham. It is urged that the testimony is admissible under the rule announced in such cases as Texas Employers' Ins. Ass'n v. White, Tex. Civ.App., 68 S.W.2d 511, writ of error dismissed, and Prater v. Traders & General Ins. Co., Tex.Civ.App., 83 S.W.2d 1038, to the effect that declarations made by a party at or about the time of his departure on a journey are admissible to establish destination or purpose of the journey. These and other drivers for other distributors testified that they had sold Cunningham beer on credit, and had gone to his dance hall late at night to collect, and that they had seen Olson there late at night collecting for beer. The evidence shows that Olson had worked at one time as a bar tender at Crystal Springs, and that the woman at whose house he roomed was also employed there. The route being traveled by Olson led to the house where he lived as well as to Crystal Springs.

The general manager and other representatives of the employer who testified all denied that the Uncle Jo Bottling Company authorized any extension of credit to Cunningham, and testified that the company's records did not show any sales on credit to Cunningham. They also testified that Olson was required when he checked in each afternoon to account for all beer taken out by him in the morning, either in cash, or in beer still on the truck, or in showing of sales to authorized credit customers. They testified that Cunningham was not an authorized credit customer. Cunningham did not testify. The method of doing business appears to us to be much like that described in the opinion in Jax Beer Co. v. Tucker, Tex.Civ.App., 146 S. W.2d 436, writ dismissed, correct judgment, save that in the present case there is no evidence tending to show that the employ-

er had any knowledge of any credit sales to Cunningham.

We hold, as did the court in the case just cited, that if Olson extended any credit to Cunningham, he did so as a personal enterprise of his own, and that the collection of any account so made was not a part of the business of Uncle Jo Bottling Company. Without repeating what is there said, we adopt the reasoning and authorities to be found in the opinion cited.

The judgment of the trial court is affirmed.