## OWEN v. HARDWARE MUT. CASUALTY CO.

### No. 11728.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1946.

J. R. Black, Jr., of Abilene, Tex., for appellant.

Hill D. Hudson, of Pecos, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

James Lee Owen appeals from a judgment entered on a direct verdict denying him recovery of benefits under the texas Workmen's Compensation Law. Vernon's Ann.Civ.St.Tex. Art. 8306 et seq. Owen contends that on the uncontroverted evidence and stipulated facts verdict should have been directed for him and not for the defendant.

Decision turns upon whether Owen, who had deviated from his employment, had at the time of his injury resumed the course of his employment and was then engaged in furtherance of the employer's business so as to bring him within the coverage of the Workmen's Compensation Law.

The Texas Workmen's Compensation Law provides for payment of benefits to persons for an "Injury sustained in the course of employment." Article 8309, Vernon's Civil Statutes, after specifying certain excepted classes of injuries, provides that a compensable injury "shall include all other injuries * * * having to do with and originating in the work, business, trade or profession of the employer received by an employe *while engaged in or about the furtherance of the affairs or business of his employer* whether upon the employer's premises or elsewhere." (Italics supplied.)

It is apparent from the very nature of the statutory provisions, and the many Texas cases construing and applying the law, that no exact formula has been, or can be, formulated which will "absolutely solve every case". Whether or not a given accident is so intimately related to the employment as to come within the coverage of the statute must necessarily depend upon its own particular facts and circumstances. American Mut. Liability Ins. Co. v. Parker, Tex.Sup., 191 S.W.2d 844.

Here the evidence is brief and undisputed. Owen was employed as delivery-

man and salesman for the Butter-Kist Bakery in Odessa, Texas. He drove his employer's delivery truck and delivered bread and other bakery products to customers. At the close of each day, on instruction of the employer, Owen took the truck home with him and parked it for the night. He had specific instructions not to drive the truck on personal business or during the night time.

On April 12, 1945, about 4:30 o'clock in the afternoon, Owen in company with another bakery employee, Joe B. Cozby, made his last business call at the Kitty-Kat Club, an establishment located on the edge of town. When the business at the Kitty-Kat Club was finished, Owen drove the truck along a usual route toward his home. On the way, however, he stopped at a girl friend's house. He parked the truck at the girl's house and with Cozby went downtown in another friend's automobile. They met other friends in town, and Owen remained in town for approximately seven hours. (It is admitted that during this seven hour interval Owen was not engaged in and about his employer's business, but was engaged in his own pleasure.) About midnight, Owen returned by taxi with his girl friend to her house. He then took the bakery truck and started toward his own home. He testified that on the way home he met an old Chevrolet automobile coming toward him on his side of the street. "I thought they had seen me, but I guess they did not. Anyway I had to turn too quick to miss them and turned over. I ruined my right hand."

Neither appellant's cited cases nor any we have found warrant a finding of coverage on facts such as these. Workmen's compensation laws are, and should be, given liberal construction, and the Texas courts have given the Texas Workmen's Compensation Law liberal and reasonable construction to allow coverage in meritorious cases. Maryland Casualty Co. v. Levine, 5 Cir., 67 F.2d 816. However, liberality of construction cannot warrant coverage in a situation such as is here present where the employee deviated completely from the master's business and then as a consequence of his own deviation violated the master's specific instructions against driving at night when driving hazards are great. To allow recovery under these facts would be to give the Compensation Law a strained, illogical, and unreasonable construction. It would be a stretching of coverage beyond the breaking point to include a fact situation not within the contemplation of the statute.

Having deviated from the master's business for his own pleasure, and thereafter, in violation of instructions, driving for his own convenience in the night time confronting hazards which caused his injury, appellant lost any right to recover under the Texas Workmen's Compensation Law. On the uncontroverted facts and the applicable law, verdict was properly directed for the defendant.

The judgment is affirmed.