**EL PASO NATURAL GAS CO. v.
LACKEY et al.**

No. 13238.

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1951.

Allen R. Grambling, El Paso, Tex., Curtis White, Dallas, Tex., for appellant.

Hobert Price, Henry W. Strasburger, Dallas, Tex., Durwood H. Bradley, Lubbock, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suits which have been consolidated for the purpose of appeal were for damages for the negligent killing of Ben John, and his son, John Ben, Lackey in an automobile collision between the Lackey truck, driven by Ben John Lackey, and a truck of defendant, being driven by Gunn, one of its employees.

The claim was that Gunn caused the accident by suddenly driving over on the wrong side of the road and running into the Lackey truck.

The defenses were a general denial, contributory negligence, and unavoidable accident.

Tried to the jury without benefit of eye witness testimony to the actual collision, because all three of the occupants of the cars had been killed in the collision, and no one else had seen it, the case was heard largely on circumstantial evidence.

Submitted to the jury on a general charge and special issues, there was a verdict finding defendant liable and awarding and apportioning damages to each of the plaintiffs, and a judgment on the verdict as reduced by remittitur.

Defendant appealing from that judgment is here urging two main grounds for reversal.

The first is that plaintiffs did not sustain their burden to show negligence, the evidence was wholly insufficient to support the verdict, fixing liability on defendant, and its motion for instructed verdict should have been granted.

This is presented in two aspects: (1) the complete failure of the proof to show negligence; (2) the same complete failure to show that it was not an unavoidable accident.

The second ground is that the undisputed evidence shows that Gunn was without authority to drive the truck at the time and

place of the accident; that, indeed, he was driving it in violation of express orders; and that the proof wholly fails to show that at that time and place he was acting in the course of his employment so as to make appellant liable for his acts and conduct.

Pressing upon us the circumstantial character of the evidence they argue with skill and conviction that the circumstances, relied on by the jury and court below to show negligence, and by appellee here, are as matter of law and not of fact not of sufficient cogency and precision to rule out unavoidable accident and point to the negligence of the defendant as the proximate cause of the accident.

Upon the point of no authority or right in Gunn to drive the defendant's car at the time and place, and that, though an employee of defendant, he was not then acting in the scope of his employment so as to make his employer liable in damages for homicide by automobile, appellant points to the company's rule against driving cars after eight o'clock unless necessary to finish up a trip or mission and to the evidence that, though Gunn was entitled to drive his car home, and he had been sent on a mission about eight o'clock, from which he was returning home, he could and would have finished his mission before eight o'clock but for his having delayed and visited on his way.

It thus appears that the issue debated here is a negative one in that it is that there is no evidence to support the findings of the jury that deceased was authorized to drive the car and that he was on a mission for the company at the time and place of the injury.

■ It will serve no purpose for us to set out the whole evidence. It will be sufficient to hold, as we do, that, upon the issue of liability, the evidence as to the position of the cars after the collision, as to the skid marks on the pavement, and of eye witnesses who saw the trucks shortly before the collision, was ample to take the case to the jury, ample to support the finding that defendant was negligent.[1]

■ Upon the other issue, whether the evidence sustained the finding that Gunn was in the course of his employment, we think it ample to show that he was.

The principle relied on by appellant that an employer is not liable for injuries caused by his car when the employee is driving it without the consent, or contrary to the orders, of the employer, is good enough law, as is the principle that when an employee is authorized to use a car for a specific purpose and he deviates from that purpose,[2] the employer is not liable. These principles are, however, without application here.

■ Here there was no deviation, from a specified route, duty, or mission, on a frolic of the driver's own. There was no taking the car out contrary to orders.[3] Gunn had express orders to use the car on a mission and then drive it to his home, and it would be drawing too fine a bead to hold that because he might, if he had been in a greater hurry, have been able to finish his mission a little earlier, he had violated the instructions for not driving after eight o'clock or had temporarily left his master's employment. It would likewise be so to say that, because it was generally understood that he was not to drive the car after eight o'clock, the moment the clock struck eight, as was the case with Cinderella, he would in law be considered as having the car snatched from him, leaving him on foot.

This is not a case where, turning aside, he drove the car over a route and on other business than that directed by the employer. This is, at best for defendant, only a case of an employee, directed to perform a mission or do a job, not doing it precisely as

1. Straus-Bodenheimer Co. v. Marshall, Tex. Civ.App., 91 S.W.2d 865; Chesshir v. Nall, Tex.Civ.App., 218 S.W.2d 248.

2. Southern Cas. Co. v. Ehlers, Tex.Civ. App., 14 S.W.2d 111.

3. Owen v. Hardware Mut. Cas. Co., 5 Cir., 158 F.2d 471; 5 T.J. 777; 2 T.J. 253; American Mut. Liability v. Parker, 144 Tex. 453, 191 S.W.2d 844, 846. Cf. American Cas. Co. v. Windham, 5 Cir., 107 F.2d 88; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Maryland Cas. Co. v. Williams, 5 Cir., 184 F.2d 983.

the employer ordered and yet if he was negligent, the employer is liable.[4]

There was ample basis for the jury's answers to special issues Nos. 1 and 2, none for the granting of the directed verdict.

No error appearing, the judgment is Affirmed.

---

4. 29 Tex.Jur. p. 415; Gammill v. Mullins, Tex.Civ.App., 188 S.W.2d 986.