## FOUNTAIN v. WALKER.
### No. 3025.

Court of Civil Appeals of Texas. Eastland.
July 17, 1953.

Rehearing Denied Sept. 18, 1953.

Thomas L. Blanton, Albany, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

LONG, Justice.

This is a suit by Fred L. Fountain against Charley A. Walker to recover damages for personal injuries sustained by his wife in an automobile collision and also for damages to his automobile as a result thereof. On October 22, 1951, plaintiff and his wife were operating a cafe in Albany, Texas. Defendant maintained a place of business in Abilene, Texas, and was engaged as a plumbing and roofing contractor. Mrs. Fountain left Albany on Highway 180 in her car early on the morning of said date to go to Abilene for the purpose of buying supplies for the cafe. At a point on the highway about eight miles from Albany there was a collision between her automobile and an automobile in which Faustino Meza, Fabian Gonzales and Antonio Yrigallen were riding. As a result of said collision, Faustino Meza and Fabian Gonzales were killed and Antonio Yrigallen was injured to such an extent that he was unable to testify upon the trial of this case. Mrs. Fountain also sustained injuries therein. It was the theory of plaintiff that Faustino Meza, Fabian Gonzales and Antonio Yrigallen were employees of defendant and on their way to

Olney, Texas, where defendant had a contract for work on the Blue Bonnet Apartments; that Fabian Gonzales was the driver of the car and acting at the time in the course of his employment for defendant. The jury found, in response to special issues, that Faustino Gonzales was the driver of the car; that he was an employee of defendant and engaged in the course of his employment. The jury found that Gonzales was negligent in several respects. which was the proximate cause of plaintiff's damages. The jury assessed the damages for personal injuries sustained by Mrs. Fountain at $6,000 and the damages to the car of plaintiff at $800. The trial court, upon motion by defendant, disregarded the answers of the jury and rendered judgment for defendant notwithstanding the verdict. From this judgment plaintiff has appealed.

Plaintiff contends the trial court erred in disregarding the findings of the jury and rendering judgment for defendant. It is the contention of defendant that the evidence is insufficient to show that Gonzales was an employee of defendant and acting in the course of his employment at the time of the collision. Assuming, without deciding, that Gonzales was an employee of defendant, driving the car on his way to Olney, the place where he was to work, we believe, however, that the evidence is insufficient to sustain the finding of the jury that he was acting in the course of his employment at the time of the collision.

■ The evidence is undisputed that the automobile in which Gonzales and the other Mexicans were riding belonged to Faustino Meza. There is no evidence of either expressed or implied authority from Walker to Gonzales or the other two Mexicans to use this automobile in connection with their work. There are no facts or circumstances in the record which show or tend to show that the work of Gonzales and the other Mexicans was such as to make the use of an automobile a thing necessarily contemplated by the parties as a part of their contract of employment, or that Walker exercised any control over its operation. Our Supreme Court, in Kennedy v. American Nat. Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 366, 111 A.L.R. 916, quotes with approval from 5 Am.Jur., Par. 393, pp. 728, 729, as follows:

"'The employer is not liable where the use of the automobile or other vehicle operated by the employee is not expressly or impliedly authorized by the employer, and he exercises no control over its operation.'"

■ Defendant Walker testified that Gonzales was not employed by him and had no instructions to report for work on the morning of the collision. He further testified that Meza and Yrigallen were instructed to report to his plumbing shop at 6:30 A.M. where they were to ride in a truck furnished by Walker to the job at Olney. He further testified that Meza and Yrigallen did not report for work; that he had a "fast, firm policy" that none of his employees were to ride in "their own automobiles to go out on the job; that they must park their automobile and ride in company truck." This evidence by Walker is uncontradicted. To say the least, there is no evidence that Walker knew that his employees were using the automobile that was involved in the collision for the purpose of going to their work at Olney. There is no evidence that Walker had any control over the operation of the automobile. There is no evidence that these men or any other employees of Walker had ever before used this or any other automobile not belonging to Walker in going to and from their work. The evidence is all to the contrary. There is no evidence that Walker either expressly or impliedly required or authorized the use of this car at the time of the collision or at any other time or place with reference to his work. We believe the law is well settled that plaintiff cannot recover and that an instructed verdict for defendant would have been proper. The court did not err in disregarding the answers of the jury and in rendering judgment for defendant. Kennedy v. American Nat. Ins. Co., supra; Rio Bravo Oil Company v. Matthews, Tex.Civ. App., 20 S.W.2d 342; Antilley v. Jennings, Tex.Civ.App., 183 S.W.2d 982 (Writ Ref.); American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409.

The judgment is affirmed.