**KUYKENDALL et ux.**

v.

**UNITED GAS PIPE LINE CO.**

**No. 14632.**

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1953.

J. Edwin Smith, Houston, Tex., Smith & Lehmann, Houston, Tex., of counsel, for appellants.

C. M. Hightower, Liberty, Tex., Thomas B. Weatherly, Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., Hightower & Wheat, Liberty, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This suit was for personal injuries sustained by plaintiff, Ruth Kuykendall, when an automobile in which she was riding as a passenger collided with a car being driven by G. A. Josey, an employee of defendant in the capacity of meter and well attendant.

The claim was that at the time of the collision, Josey was acting in the course and scope of his employment.

Defendant denied this and specially pleaded that Josey at the time of the collision was not engaged in or about the defendant's business, but was in his own car and on a private mission.

At the close of all the evidence, the trial court, of the opinion that the record was devoid of evidence, direct or circumstantial, sufficient to support a finding by the jury that Josey at the time of the collision was engaged in or about his employer's business and that, on the contrary, it affirmatively established that he was on a mission of his own, instructed a verdict for the defendant, and plaintiffs have appealed.

Here appellants concede, as the undisputed and overwhelming evidence compels them to do, that at the time of the accident Josey was on his way home in his own private car, and that Josey's testimony, that he was not and had not been on a mission for his employer or engaged in or about his business, was contradicted by none and completely corroborated by all of the witnesses. They yet insist that there was sufficient circumstantial evidence to take their case to the jury even against the direct, the positive, and uncontradicted testimony of Josey, fully corroborated as it was by the positive testimony of all the witnesses in the case.

Their theory is that the fact that Josey was returning to his home after using a company line, over which he customarily, and usually in the afternoon, made reports, was circumstantial evidence from which, though he was in his own car and though he testified without contradiction and with complete corroboration, that he had used the phone on private business, the jury could infer that he was at the time of the injury on company business and in the course of his employment, and, therefore, because of his interest as an employee, plaintiffs were entitled to have the verdict of the jury on the credibility of his testimony.

The appellee, flatly contradicting appellants' contention and citing controlling Texas cases,[1] insists that where, as here, the direct, positive and uncontra-

1. Hill v. Staats, Tex.Civ.App., 187 S. W. 1039; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207; M. H. Thomas & Co. v. Hawthorne, Tex.Civ.App., 245 S.W. 966; Golden v. First State Bank of Bomarton, Tex.Civ.App., 38 S.W.2d 628; Texas State Mutual Fire Ins. Co. v. Farmer, Tex.Civ.App., 83 S.W.2d 411; Pyle v. Phillips, Tex.Civ.App., 164 S.W.2d 569; Houston News Co. v. Shavers, Tex.Civ. App., 64 S.W.2d 384.

dicted testimony of a witness is clear, reasonable, and unimpeached, and is not only completely consistent,[2] with the circumstances relied on to rebut it but is strongly corroborated by all the evidence, the jury is not permitted to disregard the testimony merely because the witness is an employee of the defendant, nor would it be, even if the testimony were, which it was not, that of an interested witness.

In Simonds v. Stanolind, Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207, at page 209, Justice Smedley, speaking for the court, thus stated the rule controlling here:

"* * * Stated in another way, a presumption of fact might have arisen from the evidence relied upon by plaintiffs in error. But prima facie evidence and presumptions of fact disappear when the true facts are conclusively shown by other evidence. 'Prima facie evidence is merely that which suffices for the proof of a particular fact until contradicted and overcome by other evidence.' Dodson v. Watson, 110 Tex. 355, 358, 220 S.W. 771, 772, 11 A.L.R. 583. Evidence which, uncontradicted and unexplained, would be prima facie evidence of a fact becomes insufficient to raise an issue of fact when the other facts in evidence conclusively prove that the fact sought to be shown by the prima facie evidence or presumption of fact does not exist. * * *"

Another excellent statement of it appears in the leading case of Hill v. Staats, Tex.Civ.App., 187 S.W. 1039, 1042. There the court, sustaining a verdict directed in an automobile collision case, for want of evidence that the driver was in the course of his employer's business, stated:

"* * * This conclusion is reached with the knowledge that the entire testimony upon the question of the instructions given to the chauffeur came from the lips of defendant and his wife, who both may be said to be interested parties. The testimony of appellee and his wife was positive and unequivocal, nor is there any circumstance disclosed in the record tending to discredit or impeach such testimony. * * *" (Citing many cases.)

Another, and perhaps the best, statement of the rule and its application, too long to quote here, appears in M. H. Thomas & Co. v. Hawthorne, Tex.Civ. App., 245 S.W. 972.

Appellee, citing other Texas cases,[3] insists further that even if the proof had shown that Josey had authority, express or implied, to use his own car on company business, the undisputed facts of this case would prevent recovery, for they bring the case within the settled rule that if, as it does here, the proof shows that at the time of the injury Josey was engaged on a mission of his own, going home, he was outside the scope and course of his employment, and the employer is not liable for injuries resulting from his use of the car.[4]

We agree with appellee. This court in Arnall Mills v. Smallwood, 68 F.2d 57, 59, thus laid down the controlling rule in cases of this kind:

"* * * Their testimony is candid, clear, and reasonable, and unopposed by other witnesses or by circumstances which are irreconcilable with

---

2. Perrin v. Baker Hotel, Tex.Civ.App., 228 S.W.2d 311; Tex.Jur. Vol. 17, Section 410, p. 908; Stewart v. Miller, Tex. Civ.App., 271 S.W. 311; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S. W.2d 226, 136 S.W.2d at page 209.

3. Hill v. Staats, Tex.Civ.App., 187 S.W. 1039; J. C. Penney Co. v. Oberpriller, 141 Tex. 128, 170 S.W.2d 607; Bresnan v. Republic Supply Co., Tex.Civ.App.,

63 S.W.2d 1105; Van Cleave v. Walker, Tex.Civ.App., 210 S.W. 776; Southwest Dairy Products Co. v. DeFrates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854; Thannisch Chevrolet Co. v. Kline, Tex.Civ.App., 134 S.W.2d 433; Morgan v. Luna, Tex.Civ.App., 114 S.W.2d 279.

4. Cf. Kennedy v. American Nat. Insurance Co., 130 Tex. 155, 107 S.W.2d 364, 112 A.L.R. 916.

it. They are not impeached by any of the modes known to the law. Their evidence cannot be disregarded just because they are employees of the mill. Chesapeake & Ohio R. Co. v. Martin, 283 U.S. 209, 214, 51 S.Ct. 453, 75 L.Ed. 983; Georgia R. & Banking Co. v. Wall, 80 Ga. 202, 7 S.E. 639; Western & Atlantic R. Co. v. Beason, 112 Ga. 553, 37 S.E. 863. Employment or other relationship of a witness may be considered on the point of his credibility in weighing his against opposing evidence, but is not by itself a sufficient reason for disregarding his testimony. Although the circumstances may support the inference of a fact, if it is shown by direct unimpeached, uncontradicted, and reasonable testimony which is consistent with the circumstances that the fact does not exist, no lawful finding can be made of its existence. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Winn v. Consolidated Coach Corp., 6 Cir., 65 F.2d 256; Frazier v. Georgia Railroad & Banking Co., 108 Ga. 807, 33 S.E. 996; Penn Mutual Life Ins. Co. v. Blount, 39 Ga.App. 429, 147 S.E. 768; Neill v. Hill, 32 Ga. App. [381] 382, 123 S.E. 30. On the issue of negligence as made by the pleadings, the motion for a directed verdict ought to have been granted."

Since it has been thus laid down, this court has not departed from, indeed it has affirmed and reaffirmed it. In substance it is the same rule which the Texas Courts have uniformly declared and followed.

In McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722, the court, at page 728 thus stated the rule:

"There was no issue to be submitted to the jury with respect to the number of overtime hours which McGuire was required to work. McGuire testified to the number of hours worked on each day during the time involved. He was corroborated by his superiors, who were employees of the City of Dallas. McGuire testified that the public records of the city showed the number of hours he was required to be on duty. The city made no attempt to contradict or discredit the testimony of McGuire. The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the jury. Mills v. Mills, Tex.Com.App., 228 S.W. 919; Id., 111 Tex. 265, 231 S.W. 697. But this rule is not without exception. Where the testimony of an interested witness is uncontradicted, is clear and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect may be given thereto. Trinity Gravel Co. v. Cranke, Tex.Com.App., 282 S.W. 798, loc. cit. 801; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958, loc. cit. 961. The applicable rule is further strengthened where the testimony of the interested witness is, as in this case, corroborated by other witnesses and the opposite party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so. Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 350, 114 S.W.2d 226, 136 S.E.2d 207. * * *"

Every fact and circumstance in this case, when the evidence was all in was completely consistent with defendant's theory, completely inconsistent with that of plaintiffs. Indeed, it was consistent with one and only one theory, that Josey in his own car, on his own time, and in his own way, was at the time of the collision on a mission of his own. There was no basis in the evidence for the application of the doctrine of *respondeat superior*. A verdict was rightly directed. The judgment is

Affirmed.