MOYE v. UNITED STATES.
Civ. A. No. 979.

United States District Court
S. D. Texas, Corpus Christi Division.
Jan. 4, 1954.

Anderson & Porter, Corpus Christi, Tex., for plaintiff.

Brian S. Odem, U. S. Atty., Wm. R. Eckhardt, Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

Action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., resulting from a collision on December 14, 1952, between plaintiff's Ford automobile and a Chevrolet owned and driven by Sgt. Chas. C. Mauk, of the United States Army Air Force. Plaintiff's twenty-five year old wife was killed and he was injured in the collision. Plaintiff sues for himself and as next friend to his four year old daughter. Under the evidence, Sgt. Mauk clearly was at fault and plaintiff was not guilty of contributory negligence. The only serious question in the case is whether Mauk was "acting in the scope of his employment" at the time in question. I shall first, however, make specific findings as to negligence, proximate cause, damages, etc., and then review the evidence as to scope of employment.

At about 3:00 P. M. on the date in question, plaintiff was driving south on State Highway 35, toward Port Lavaca, Texas, accompanied by his wife and child. Mauk and two companions were proceeding north from Port Lavaca. At a point about three-fourths of a mile from the city limits, suddenly, without warning or a signal of any kind and without keeping a proper lookout, Mauk angled and turned his Chevrolet across the highway to reach a roadside drive-in. He was looking for a place to park near the drive-in before and as he made the turn. So far as the evidence shows, plaintiff was driving at a lawful and reasonable rate of speed. He applied his brakes but could not avoid the collision. Skid marks clearly show that he was on his right hand side of the highway at all times and the point of impact was on his right hand side.

Both cars were almost completely demolished. Plaintiff's wife died as the result of her injuries. Plaintiff himself sustained painful and serious injuries.

I find that Sgt. Mauk was negligent in the respects stated; that such negligence was the proximate cause of the collision; that plaintiff was not guilty of contributory negligence (and, even if he was, such contributory negligence was not a proximate cause of the collision); that plaintiff has been damaged in the sum of $15,000; and that his minor child has been damaged in the sum of $5,000.

I further find, however, that Mauk was not acting in the scope of his employment or in line of duty at the time of the collision, and the United States, therefore, is not liable. This conclusion is based upon the following undisputed facts:

Mauk, an Airman 1c, was the skipper or boat master of a Government boat, based on Matagorda Island. He was a married man living off the base with his family at Port O'Connor, on the Texas mainland, usually going over to the base on Matagorda Island by boat with other enlisted men early in the morning and returning to the mainland late in the afternoon. He usually ate breakfast and supper at home and his lunch on the base. As a married man living off the base, Mauk was allowed (in addition to his base pay) $36 for separate rations and allotments for his family housing, etc. He paid for his lunches on the base, or wherever he happened to be.

238

About one week prior to the automobile collision, Mauk had signed for the boat and its contents, taking it, under instructions, into dry dock at Port Lavaca, Texas, for a routine haul out and engine repairs. As skipper he was responsible for the boat 24 hours a day until its return to the base. During this period, three members of the crew, including Mauk, stood alternate 24-hour watches. Although responsible to his superior officers for the boat at all times, Mauk went back and forth in his private automobile to his home at Port O'Connor when he was not actually on duty, or during his 24 hour watch. He was not required to keep a car for this purpose—it was for his own convenience. While the boat was in the shipyard, Mauk was given another type of allowance (M.A.F.), $62 per month to pay for all his meals, to be paid by check at the termination of this type of service. While on watch, Mauk was allowed one hour off for each meal, being relieved at that time by another member of the crew. He was free to eat where he pleased and usually drove his own car to lunch at the Bayview Drive Inn, about three-fourths of a mile north of the Port Lavaca city limits.

On Sunday, December 14, 1952, Mauk and the boat's engineer worked at painting the engine room, bilge, etc., until about 3:00 P.M. At that time, Mauk left for lunch, leaving the engineer as his relief during the lunch hour. He and Thomas B. Allen, a deck hand on another government boat, left in the car and drove to a drugstore in Port Lavaca, where they had a cup of coffee. Here they picked up a civilian named Allen Penny and started north on State Highway 35 for the Bayview Drive Inn for lunch. They had reached a point almost directly across the highway from the Drive Inn when Mauk angled and cut the car across to his left hand side to reach the Drive Inn when the tragic collision took place.

From the foregoing, it seems clear to me that Mauk was not, at the time, acting within the scope of his employment or in line of duty, which is the test.[1] While, like any other member of the armed forces, he was subject to recall to duty in case of emergency, he was not on duty at the time. For the one hour of his lunch period, he was as much on his own as if he had a four weeks' furlough, at the end of which he would have to report for duty.[2] Nor was he performing any duty for his principal at the time, any more than a civilian employee going to or returning from his work. Even under the liberally construed Texas workmen's compensation laws,[3] an employee generally cannot recover for injuries sustained while going or coming;[4] or for injuries sustained in going to lunch.[5]

The cases cited by plaintiff[6] are, I think, clearly distinguishable, both on the facts and application of local law.

Judgment will be for defendant. Government counsel will submit an order accordingly. The Clerk will notify counsel.

1. U. S. v. Campbell, 5 Cir., 172 F.2d 500; Hubsch v. U. S., 5 Cir., 174 F.2d 7.

2. Cf. U. S. v. Sharpe, 4 Cir., 189 F.2d 239.

3. Cf. Employers Mut. Liability Ins. Co. v. Konvicka, 5 Cir., 197 F.2d 691.

4. 45 Tex.Jur. 523, sec. 118.

5. 45 Tex.Jur. 531, sec. 122; Holditch v. Standard Accident Ins. Co., 5 Cir., 208 F.2d 721.

6. Murphey v. U. S., 9 Cir., 179 F.2d 743; U. S. v. Wibye, 9 Cir., 191 F.2d 181; Washabaugh v. U. S., D.C.Pa., 83 F. Supp. 623; Lowe v. U. S., D.C.Mo., 83 F.Supp. 128; U. S. v. Stewart, 5 Cir., 201 F.2d 135; Chisos Mining Co. v. Huerta, 141 Tex. 289, 171 S.W.2d 867; Texas Power & Light Co. v. Denson, 125 Tex. 383, 81 S.W.2d 36.