**F. W. BARR, Appellant,**

v.

**COLORADO INTERSTATE GAS COMPANY, Appellee.**

No. 15044.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1954.

Dean Dunlap, Merchant & Fitzjarrald, Amarillo, Tex., for appellant.

A. B. Hankins, Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

---

5. The Military Personnel Claims Act of May 29, 1945, 31 U.S.C.A. §§ 222c, 222d, 223b, 91 Congressional Record, 4804, 5445.

86

HUTCHESON, Chief Judge.

The suit was for damages for personal injuries received in an automobile collision occurring on Saturday night, at about 10 P.M., between the car in which the deceased, Shirley Barr, was riding and a car belonging to and being driven by one Peters, Superintendent of defendant's Bivins Compressor Station, while he and his wife were returning to their home after attending an employees safety banquet at Amarillo.

The claim was: that Peters, at the time of the collision, was then and there engaged in the course of his employment and the furtherance of defendant's business; that the collision was proximately caused by his negligence in the particulars set out in the complaint; and that defendant was therefore responsible for it and liable for the damages resulting therefrom.

The defenses were a denial of the charge of negligence and fault on the part of Peters and the defendant and special defenses. One of these was that Roach, the driver of the car in which Shirley was riding was guilty of negligence which caused her death, and his negligence was imputed to and was attributable to her. Another, the one on which the defendant mainly relied and on which the case went off below, was that Peters, though he was an employee of defendant, was not at the time of the collision within the course of his employment, or acting in and about, or in the furtherance of, defendant's business, and his acts were not the acts of, or attributable to, defendant.

With the issues thus joined, defendant moved for a summary judgment on the pleadings and the supporting affidavits attached to the motion, on the ground that as matter of law Peters at the time of the collision was not acting in the course of his employment and on the business of the defendant, and the defendant was, therefore, not responsible for his actions or liable for the damages caused thereby.

Plaintiff basing his claim "upon the deposition of one Brunston, Vice-President of defendant", and insisting that whether Peters was or was not in the course of his employment presented a genuine issue as to a material fact, vigorously urged upon the court that the motion should be denied.

Thereafter, the court having found the defendant entitled to a summary judgment, gave judgment for it accordingly.

Appealing from the judgment, plaintiff is here insisting that, upon the record [1] made, there was a genuine issue of fact

1. In the spring of 1952 one Parmer wrote a letter on behalf of the Workmen's Committee stating that because of the safety record achieved by employees, a banquet would be in order. As a result of that letter Mr. P. A. Campbell, on behalf of appellee company, agreed to pay for the meals at a banquet to be held. W. S. McNeal, a member of the union's Workmen's Committee, made all arrangements for the banquet. Attendance was optional. No employee was paid straight time or overtime for attendance. The company did not pay any traveling expense or mileage for attendance by the employees. "Each employee who attended was free to select his route and means of transportation from his home to the banquet and Colorado Interstate Gas Company did not furnish any means of transportation."

W. S. McNeal was on the committee of employees who arranged for the banquet.

All details were handled by him. He set the date for the banquet and issued the invitation by posting a notice on the company's bulletin board which read substantially as follows:

"There will be a Safety Banquet at the Herring Hotel on May 3, 1952, at 7:00 o'clock p.m. All those interested in attending please sign below."

The purpose of this notice was to let the employees know of the banquet so that McNeal could determine the number who intended to attend. "Each and every detail of the banquet was arranged by myself (McNeal) on behalf of the committee of employees".

"No arrangements were made by the company or myself (McNeal) for transportation in connection with attendance at this banquet. The employees who elected to attend were free to use whatever means they could arrange for or desire."

and the judgment may not stand. We do not think so.

■ This is because, on the undisputed evidence, the banquet from which Peters and his wife were returning was not a company matter in the sense that it was a part of and incident to Peters' employment. Upon the undisputed facts it was a banquet organized, arranged for, and run entirely by the union's Workmen's Committee, W. S. McNeal chairman. No employee was paid for or in connection with his attendance, nor was he paid traveling expenses or mileage. Attendance was not obligatory. Each employee who attended was free to attend or stay away and equally free to select his route and means of transportation from his home to the banquet, and the defendant did not furnish any means of transportation to W. S. McNeal who for the committee of employees, of which he was chairman, arranged for the banquet, and all details were handled by him. The only connection of the company with the banquet was that Parmer, on behalf of the Workmen's Committee, wrote a letter stating that because of the safety record achieved by employees and the promise of the Canadian River Gas Company, which had been merged with defendant, that if such a record was achieved it would pay for a safety banquet, a banquet would be in order, and Mr. Campbell, the defendant's safety director, agreed on behalf of the company to pay for the meals and the expenses of the banquet to be held.

Under this evidence, we think it is clear beyond question that under the Texas cases,[2] the company could not be held liable for an injury caused by an employee driving his own car under circumstances of this kind.

■ If, however, it be assumed, contrary to the undisputed evidence, that, while at the banquet, Peters was engaged in or concerned with company business, he certainly cannot be said to have been on such business in returning therefrom in his own car and on his own time and route.[3] This case, in short, is one in which the attempt is being made without warrant to apply the doctrine of respondeat superior to the action of an employee of the company who, on his own time and route, is driving his own car home and is, therefore, in the position of one about his own business, for his own pleasure, in his own car, for whose actions his employer is not responsible.[4]

Appellant's reliance on the deposition of G. F. Brunston will not do. Nowhere

Each employee who attended was free to come and go as he pleased.

P. A. Campbell, on behalf of appellee, agreed to defray the expenses of the banquet. All arrangements were to be made by the committee of employees.

"No conveyance to or from the banquet was prescribed, provided or suggested by any person acting for and on behalf of Colorado Interstate Gas Company. No directions were given by any official of the company as to when, where or how any employee should convey himself to the banquet or return to the place of his abode. Each employee was free to select the means by which he went to the banquet and return home, in the event he elected to accept the invitation. The company did not exercise any control over the vehicles driven by the employees to and from the banquet."

No employee was reimbursed for travel expenses. It is a fact that buses regularly run between Amarillo and Bivins Boost-

er Station located on the highway running from Amarillo, Texas to Dumas, Texas. Peters lived at Bivins Booster Station on that highway. He and his wife attended the banquet in his personal automobile and no directions of any kind were made by any representative of appellee as to where or how the Peters should go to the banquet or return home.

2. American National Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409; Kennedy v. American National Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 111 A.L.R. 916; American National v. O'Neal, Tex.Civ.App., 107 S.W.2d 927.

3. Antilley v. Jennings, Tex.Civ.App., 183 S.W.2d 982; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Fountain v. Walker, Tex.Civ.App., 260 S.W.2d 717. Cf. also Yorkshire Indemnity Co. v. Gonzales, 5 Cir., 210 F.2d 545.

4. Kuykendall v. United Pipe Line Co., 5 Cir., 208 F.2d 921.

**88**

in his testimony does he state anything in contradiction of the affidavits of Parmer and others. On the contrary, his testimony is in complete accord with them.

The judgment was right. It is affirmed.

RIVES, Circuit Judge (specially concurring).

An issue of fact was presented, I think, as to whether attendance on the banquet was a part of Peters' duties under his employment. Clearly, however, under the Texas cases cited in footnotes 2 and 3 of the Court's opinion, the company is not responsible for Peters' conduct while driving his own automobile home from the banquet.

I therefore concur specially.