**Martin S. MOYE, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15038.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1955.

William R. Anderson, Jr., Corpus Christi, Tex., Anderson & Porter, Corpus Christi, Tex., for appellant.

John C. Snodgrass, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

**HUTCHESON, Chief Judge.**

Brought by plaintiff for himself and as next friend of his minor daughter, under the Federal Tort Claims Act,[1] the suit was for damages for the death of his wife and injuries to himself resulting from a collision between plaintiff's automobile and an automobile belonging to, and being driven by one Charles Mauk, Airman First Class.

The claim was that Mauk's negligence in the particulars alleged was the proximate cause of the injuries, and that at the time and place of the injury he was acting as an agent, servant, or employee of the Department of the Air Force and within the scope of his authority in the discharge of his duties as a sergeant in the United States Air Force.

The answer: admitted that the vehicle which collided with plaintiff's car was owned and was being operated by Mauk; denied that he was acting in the scope of his authority as an agent, servant, or employee of the United States; denied that he was negligent as alleged; and affirmatively alleged that plaintiff's own negligence in the particulars set out was the cause of the injury and that his negligence was imputed to his deceased wife.

On the issues thus joined, the case was fully tried, and the district judge found that Mauk was negligent as alleged and that his negligence was the proximate cause of the injury. He found further, however, on the undisputed evidence which he carefully set out in his opinion,[2] and for the reasons given therein, that Mauk was not at the time of the collision acting in the scope of his employment as an agent or servant of the United States, but in his own car and on his own time was on a personal mission of his own. So finding he held that the United States was not responsible or liable to plaintiff for the damages sustained, and gave judgment for the defendant.

Appealing from the judgment, plaintiff is here urging upon us that the dis-

1. 28 U.S.C. § 1346.

2. Moye v. U. S., D.C., 117 F.Supp. 236.

trict judge erred in so finding and that under the authorities cited by him below and repeated here, the judgment must be reversed.

■ We do not think so. On the contrary, we think it quite clear that the facts were correctly found by the district judge and the law as correctly applied to them by him. Whatever differences may have been manifested in the courts in the application of the Federal Tort Claims Act to the facts in particular cases—and they are not many—there is no question that responsibility may be imposed upon and recovery had from the government only when the negligence or wrongful act or omission of the employee occurred while acting within the course and scope of his office, employment, or duty under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

■ Appellant's insistence, that the facts show that Mauk was acting in furtherance of the business of the United States and subject to its direction and control and under the established principles of respondeat superior, the United States must answer in damages for his acts, will not at all do. No business of the Air Force was served or furthered by Mauk's decision to buy an automobile for his personal use or, by its use by him, to transport himself and his friends to places of his own choosing, none by his using it for his meals or other personal purposes. Even where an employee is using not his own vehicle but one furnished him by his employer, it must be shown that the vehicle was furnished for use by the master for the purpose for which it was being used. Where, as here, the car is the private car of the employee, no control whatever is assumed over, and no direction given to, the employee, in connection with his going to and from his work or to and from his meals or on other personal missions in it, and there is no evidence or even claim that he was expected to use, or did use, it on the business of his employer, it is generally the rule, and especially in Texas, that for his acts during such periods and in such circumstances, his employer is not liable.

Section 3002 Blashfield's Cyclopedia of Automobile Law and Practice clearly states:

> "Although the eating of food may be necessary to keep up an employee's vitality so as to enable him to perform the duties of his employment, ordinarily, a servant cannot be said to be on his master's business or acting within the scope of his employment while eating or on his way to eat. Accordingly, the relation of master and servant must ordinarily be deemed suspended while he is going to and from his meals, particularly where the servant is to board himself, and the master is not liable for the servant's negligence while so traveling to and from meals. * * * "

But general authorities aside, the decisions of the Texas Courts, speak with compelling force in the same voice. Among them may be cited the comprehensive and authoritative Supreme Court decision, Southwest Dairy Products Co., Inc. v. DeFrates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854.

In 45 Tex.Jur., Sec. 122, "Injury at Lunch or Refreshment Time", it is stated:

> "Compensation is ordinarily denied where the injury was sustained while the employee was away from the employer's premises during lunch or refreshment time, although it was the custom of the employee thereafter to report for work."

Our case of Holditch v. Standard Acc. Ins. Co., 5 Cir., 208 F.2d 721, cited below, is directly in point under this section. Other Texas cases directly in point, containing illuminating discussions of the question and making clear beyond question that no private employer could be held liable for injuries caused by an employee driving his own car under circum-

stances of this kind, are collected in the subjoined note.[3]

In United States v. Campbell, 5 Cir., 172 F.2d 500, 503, this court thus set down the law applicable in cases of this kind:

"The whole structure and content of the Federal Tort Claims Act makes it crystal clear that in enacting it and thus subjecting the Government to suit in tort, the Congress was undertaking with the greatest precision to measure and limit the liability of the Government, under the doctrine of respondeat superior, in the same manner and to the same extent as the liability of private persons under that doctrine were measured and limited in the various states. The very heart and substance of the act is to be found in the words 'scope of his office or employment,' not as appellee would read them when wrenched out of their context, but as they are precisely limited in it to the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the state where the injury occurs."

Other cases to the like effect are Hubsch v. United States, 5 Cir., 174 F.2d 7, at page 8; U. S. v. Sharpe, 4 Cir., 189 F.2d 239; and United States v. Eleazer, 4 Cir., 177 F.2d 914.

As appellee correctly states in its brief, "These decisions stem from the simple recognition that employees are not mere mechanical instrumentalities moving and acting only when the employer turns a switch. Being human, the employee often does things prompted by a personal motive; and mere proximity in time and space to the business of the employer does not require the employer to answer for the self motivated misdeeds of the employee."

The judgment was right, indeed, under the undisputed facts, it was the only possible judgment, and it is affirmed.

---

3. American National Insurance Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409; Kennedy v. Am. National Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 111 A.L.R. 916; American National Ins. Co. v. O'Neal, Tex.Civ.App., 107 S.W.2d 927; Antilley v. Jennings, Tex.Civ. App., 183 S.W.2d 982; Burt v. Lochau-sen, 151 Tex. 289, 249 S.W.2d 194; Fountain v. Walker, Tex.Civ.App., 260 S.W.2d 717. Other Texas cases to the same effect are: Yorkshire Indem. Co. v. Gonzales, 5 Cir., 210 F.2d 545; Kuykendall v. United Gas Pipe Line Co., 5 Cir., 208 F.2d 921; Barr v. Colorado Interstate Gas Co., 5 Cir., 217 F.2d 85.