Jewelle DAVLIN, Appellant,

v.

TEXAS GENERAL INDEMNITY COM-PANY, Appellee.

No. 16381.

United States Court of Appeals Fifth Circuit.

May 6, 1958.

Frank B. Kiser, Jr., Levelland, Tex. (Kiser & Tabor, Levelland, Tex.), Charles L. Cobb, Lubbock, Tex. (McWhorter, Cobb & Johnson, Lubbock, Tex.,) for appellant.

Tom S. Milam, Lubbock, Tex., George B. Sandel, Tulsa, Okl., Crenshaw, Dupree & Milam, Lubbock, Tex., for appellee.

1. Art. 8306 et seq., Texas Revised Civil Statutes.

2. The evidence is not at any point in serious dispute, and, taken as they must be in the light most favorable to the judgment, the facts may be thus briefly stated:

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Texas Workmen's Compensation Act,[1] the suit for compensation for the death in an automobile accident of plaintiff's husband, Curtis Davlin, was against defendant, the insurance carrier of Service Pipe Line Company, Davlin's employer. The collision occurred while deceased, the president of his Local Union No. 473, in a car furnished not by the company but by himself, was driving to Brownfield, to pick up one Crites, a member of the union, so that they as union representatives could attend a joint management-union conference called for Fort Worth.

As presented in the complaint, the claims were: (1) that just prior to his injury Davlin had gone on company business, to wit, to deliver, and had delivered, a cut-off ticket for his employer and, though, after delivering the ticket, he was on his way to Brownfield to pick up Crites, he was to be regarded as in the scope and course of his employment; and (2), in the alternative and if mistaken in this view, though he was riding in a car furnished by himself and was on his way to Brownfield and Fort Worth on union business, he, because the company had called and was interested in the conference, was acting in the furtherance of his employer's business and in the course and scope of his employment.

The defense was a denial that at the time of his death Davlin was acting in the course and scope of his employment and in furtherance of his employer's affairs.

Upon the issues thus joined, the cause went to trial before the judge without a jury, and the evidence fully heard,[2]

On and prior to May 1, 1956, Davlin was employed by Service Pipeline Company as an oil field gauger, on a monthly salary, the amount of which did not depend on the number of hours he worked. The district in which he worked covered a wide area of Hockley County, Texas,

the district judge found and gave judgment for the defendant, and plaintiff has appealed.

Here, changing the order of her contentions, appellant urges upon us as point one that, in attending the conference, Davlin was on the business of the company, and, as her alternative point two, that at the time of his injury he had made a detour for the purpose of transacting business for his employer and had not returned to his private route at the time of the collision. So urging, she insists that the judgment was wrong and must be reversed.

■ The appellee, on its part, citing Barr v. Colorado Interstate Gas Co., 5 Cir., 217 F.2d 85, 52 A.L.R.2d 282, a damage suit against Barr's employer, where we held that a verdict should have been directed for defendant, and cases cited in note 2, 217 F.2d at page 87, thereof,[3] insists that, wholly apart from the incongruity of regarding Davlin as attending the conference between union and management in the dual capacity of president of the union, representing it, and as an employee representing his employer, the district judge, in finding and giving judgment for defendant, found that in fact and in law Davlin, in making the trip, was doing so as the union's president and representative and not as the representative of the employer, and that when he was injured he was not engaged upon or in furtherance of the work or interest of his employer and was therefore not in the course and scope of his employment.

On the second point, appellee, citing Southern Casualty Co. v. Ehlers, Tex.Civ. App., 14 S.W.2d 111 and Fowler v. Texas Employers Insurance Ass'n, Tex.Civ. App., 237 S.W.2d 373,[4] urges upon us that the judgment was right throughout and must be affirmed.

We agree that this is so. Whatever might be said for the plaintiff's theory if the appeal were here from a judgment

and at the time in question he was regularly using in the business of the company and to cover his territory a panel truck furnished by the company, and he did not use his personal car therefor. Sometime during the evening of April 30, 1956, Davlin, as president of his local union, was invited by his employer to have a representative of his local at a called conference between the employer and the union.

One representative usually attending such conferences was the president of the local, but another member could have been sent. The purpose of the meeting was to bring the union up to date concerning a proposed merger, and was not a bargaining session.

Davlin was not invited to the conference as a gauger, however, but as a union representative. His expenses were paid by his local union, and he furnished his own transportation. As to the conference in Fort Worth, he occupied the same position as his fellow union official Crites, who was admittedly going solely as a representative of the local union.

The conference would probably have been held had no representative from Local 473 attended, but it was held, and Crites did attend.

Although deceased was furnished and used a company truck for his work as an employee of the company, he was in another vehicle at the time of the fatal collision. He had changed from his work clothes, and, after delivering his run tickets, he started for Brownfield to pick up Crites, so that they as union representatives could go to Forth Worth.

Deceased was elected president of his local by the members thereof, without interference or influence of any kind by the employer. Under arrangements with the company, all employees received paid vacations, could attend funerals for relatives, and do jury duty without loss of pay. Sick time was not deducted from the pay of the employees, and this was treated the same way as time off for purposes of attending conferences like the one in question.

3. Cf. Tegels v. Kaiser-Frazer Corp., 329 Mich. 84, 44 N.W.2d 880; Olson v. Texas Employers Ins. Ass'n, Tex.Civ. App., 165 S.W.2d 219, error refused; Holditch v. Standard Accident Ins. Co., 5 Cir., 208 F.2d 721; Loyd v. Texas Employers Ins. Ass'n, Tex.Civ.App., 280 S.W.2d 955, error refused.

4. And see McKim v. Commercial Standard Ins. Co., Tex.Civ.App., 179 S.W.2d 357, error refused; Owen v. Hardware Mutual Casualty Co., 5 Cir., 158 F.2d 471; J. C. Penney Co. v. Oberpriller, 141 Tex. 128, 170 S.W.2d 607.

on an instructed verdict and the question presented was, as it was in Barr's case, whether, viewed in the light most favorable to the plaintiff's case, a jury question was presented, we have no such situation here. The sole question presented here is whether, viewing the evidence in the light most favorable to the judgment, we can say of it that it does not support the judgment. We are of the clear opinion that we cannot do so.

The judgment was right. It is affirmed.

Before MARIS, KALODNER and STALEY, Circuit Judges.